On respondent-cross-appellant's petition for reconsideration filed February 22, and on cross-respondent's petition for reconsideration filed February 29, Truck Insurance Exchange's petition denied; American Casualty Company's petition allowed; opinion (139 Or App 58, 910 P2d 1151) adhered to May 15, 1996

AMERICAN CASUALTY COMPANY,
a corporation,
*Respondent - Cross-Appellant,*

*v.*

Aaron T. CORUM;
A.D.; Tuality Community Hospital, Inc.,
an Oregon non-profit corporation,
*Defendants,*

M.J.N.,
*Appellant,*

*and*

TRUCK INSURANCE EXCHANGE,
a California corporation,
*Cross-Respondent.*

(9110-06813; CA A78835)

917 P2d 39

Kim Jefferies and Wood Tatum Sanders & Murphy and David C. Landis and Landis & Bailey for respondent - cross-appellant's petition.

Thomas W. Brown, Wendy M. Margolis and Cosgrave, Vergeer & Kester for cross-respondent's petition.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Cross-respondent Truck Insurance Exchange (Farmers) and respondent American Casualty Company (CNA) both petition for reconsideration of our opinion on remand from the Supreme Court. 139 Or App 58, 910 P2d 1151 (1996). ORAP 6.25. We deny Farmers' petition, allow CNA's and adhere to our opinion.

1.　　CNA argues that we erred when we held that although Corum's misdemeanor conviction for sexual abuse established a knowing violation of a criminal statute, it did not establish a willful violation within CNA's policy exclusion for willful violations "of a statute, ordinance or regulation imposing criminal penalties." CNA argues that we erred in our analysis because we equated the policy term " 'willful violation' with specific intent to harm the victim of the crime." However, in our opinion, we did not equate intent under the criminal code with the subjective intent to cause harm relevant to policy exclusions for injury resulting from intentional acts as discussed in *Ledford v. Gutoski*, 319 Or 397, 877 P2d 80 (1994). Rather, we held that, under the criminal code, the concepts of intent and knowledge are distinct and that "willful action requires intent." *American Casualty Co.*, 139 Or App at 67.

However, CNA argues that our decision is in conflict with the Supreme Court's interpretation of "willful violation" as the term relates to the criminal code. CNA contends that "willful" includes a "knowing" violation, as well as "an intentional" one. It relies on *In re Gustafson*, 305 Or 655, 660, 756 P2d 21 (1988):

> "The mental element of knowledge in any offense refers to awareness of conditions and circumstances in which the rule of conduct applies, and intent refers to the conscious objective of causing the result or of acting in the manner defined in the rule of conduct. Similarly, we hold that a judge's conduct is 'wilful' within the meaning of Article VII (Amended), section 8, if the judge intends to cause a result *or take an action contrary to the applicable rule and if he is aware of circumstances that in fact make the rule applicable, whether or not the judge knows that he violates the rule*." (Emphasis CNA's.)

CNA argues that that definition of willful means *either* a criminal act that is intended to cause a result *or* an act committed with the awareness of the circumstances that in fact make the criminal statute applicable. It argues that applying the definition here to Corum's conviction for knowingly subjecting MJN to sexual contact without her consent shows that Corum was aware of the circumstances. Therefore, CNA contends, the vaginal exam that was the basis of the negligence action was also a "willful violation of a statute imposing a criminal penalty" within the policy exclusion, and summary judgment was proper on that basis.

**2.** Assuming without deciding that the "willful violation" of a rule of judicial conduct is the same as a "willful violation" of a criminal statute, the difficulty with CNA's position is in its parsing of the *Gustafson* test. Under that test, more than awareness of the circumstances is required to establish "willful." As the Supreme Court recently explained:

> "This court has held that there are *two* predicates for a 'wilful violation' of a rule of judicial conduct established by this court, *each of which is necessary for there to be a wilful violation*: (1) that the judge *must intend* 'to cause a result or take an action contrary to the applicable rule' of judicial conduct, *and* (2) that the judge must be 'aware of circumstances that in fact make the rule applicable, whether or not the judge knows that he violates the rule.' *In re Gustafson, supra*, 305 Or at 660." *In re Schenck*, 318 Or 402, 411, 870 P2d 185 (1994) (emphasis supplied).

Under *Gustafson* and *Schenck*, a willful violation requires intent, as we held in our opinion on remand. Even assuming that CNA is correct that Corum's conviction showed Corum's awareness of the circumstances that make the criminal statute applicable, the conviction still does not establish the predicate of intent to cause a result or take an action contrary to a rule. CNA's argument does not persuade us that we erred in holding that Corum's conviction did not establish a willful violation within the policy exclusion.

Truck Insurance Exchange's petition for reconsideration denied; American Casualty Company's petition for reconsideration allowed; opinion adhered to.