PER CURIAM
*885 Defendant appeals his convictions for first-degree rape, ORS 163.375, and first-degree sexual abuse, ORS 163.427. The conduct underlying the convictions occurred at a party, while the victim was intoxicated. We affirm.
Defendant argues in his first two assignments of error that the trial court plainly erred by not instructing the jury on the rape and sexual abuse charges that it was required to find that defendant knew that the victim was incapable of consent due to physical helplessness, mental incapacity, or mental defect. In his third and fourth assignments of error, he similarly argues that the trial court plainly erred by not instructing the jury that it had to find defendant to be at least criminally negligent with respect to the victim's lack of capacity to consent. As the state points out in response, however, defendant's arguments are foreclosed by our decision in State v. Phelps , 141 Or. App. 555, 558-59, 920 P.2d 1098, rev. den. , 324 Or. 306, 925 P.2d 909 (1996), in which we concluded that the state is not required to prove that the defendant had a culpable mental state with respect *1146 to a victim's lack of capacity to consent due to physical helplessness, mental incapacity, or mental defect.[1] See also State v. Nyembo , 292 Or. App. 215, 418 P.3d 784, rev. den. , 363 Or. 744, 430 P.3d 566 (2018).
Defendant also raises, in a pro se supplemental brief, challenges to the sufficiency of the evidence that are predicated on the state being required to prove that defendant had a culpable mental state as to the victim's lack of capacity to consent. Because the state was not required to prove that, we reject those challenges.
In his fifth assignment of error, defendant argues that the trial court plainly erred by not merging the guilty verdicts. State v. Spring is to the contrary, however, and we *886 therefore reject that assignment without further discussion.[2] 172 Or. App. 508, 21 P.3d 657, rev. den. , 332 Or. 559, 34 P.3d 1177 (2001) (holding that rape and sexual abuse guilty verdicts do not merge under ORS 161.067(1) because each offense contains an element that the other does not).
Affirmed.

Under ORS 163.325(3), it is an affirmative defense to first-degree rape and first-degree sexual abuse, as charged here, for "the defendant to prove that at the time of the alleged offense[s] the defendant did not know of the facts or conditions responsible for the victim's incapacity to consent." That is, a defendant may prove a lack of knowledge to excuse the otherwise culpable conduct. Phelps , 141 Or. App. at 558-59, 920 P.2d 1098 ; see also State v. Simonov , 358 Or. 531, 538 n 3, 368 P.3d 11 (2016) (using ORS 163.375 and ORS 163.325 to illustrate instance of legislature expressly providing mental states for elements of offenses).

Additionally, after the initial briefing was complete, defendant filed a supplemental brief that included supplemental assignments of error raising as plain error the trial court's instructions to the jury that it could return nonunanimous verdicts, and to the trial court's acceptance of the jury's nonunanimous verdict on the rape charge. Defendant contends that the Sixth and Fourteenth Amendments to the United States Constitution require unanimous jury verdicts. We reject those arguments on the merits without further discussion.