Submitted December 15, 2020; Counts 1, 2, 3, 4, 16, 27, 28, and 29 reversed and remanded, remanded for resentencing, otherwise affirmed February 9, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EARL DOUGLAS WOODS, JR.,
aka Earl Douglas Woods,
*Defendant-Appellant.*

Yamhill County Circuit Court
18CR56229; A169997

505 P3d 432

Defendant appeals a judgment of conviction for a number of criminal offenses, raising 16 unpreserved assignments of error. He contends, based on the Supreme Court's decisions in *State v. Haltom*, 366 Or 791, 472 P3d 246 (2020), and *State v. Simonov*, 358 Or 531, 368 P3d 11 (2016), that the trial court plainly erred in failing to instruct the jury that, as to charges of first-degree rape under ORS 163.375(1)(d) and first-degree sexual abuse under ORS 163.427(1)(a)(C), it was required to find that defendant knew that the alleged victims were incapable of consenting to the sexual conduct because of mental incapacitation or physical helplessness. He also contends that the trial court plainly erred in giving a nonunanimous jury instruction and accepting nonunanimous guilty verdicts on several counts. *Held*: Given *State v. Phelps*, 141 Or App 555, 558, 902 P2d 1098, *rev den*, 324 Or 306 (1996)—which defendant did not argue should be overruled— any error in failing to instruct the jury that a culpable mental state of knowingly applied with respect to that element of the offenses was not plain; nothing in *Haltom* or *Simonov* displaced *Phelps*'s conclusion that requiring proof that a defendant knew of the victim's incapacity would be inconsistent with the affirmative defense in ORS 163.325(3) and its legislative history. The trial court plainly erred in giving a nonunanimous jury instruction and in accepting nonunanimous verdicts on Counts 1, 2, 3, 4, 16, 27, 28, and 29; however, that error was not structural and, as to the counts for which the jury's verdict was unanimous, harmless beyond a reasonable doubt.

Counts 1, 2, 3, 4, 16, 27, 28, and 29 reversed and remanded; remanded for resentencing; otherwise affirmed.

Ladd J. Wiles, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Counts 1, 2, 3, 4, 16, 27, 28, and 29 reversed and remanded; remanded for resentencing; otherwise affirmed.

**DeVORE, S. J.**

After a jury trial, defendant was found guilty of 26 offenses,[1] including multiple counts of rape, sexual abuse, strangulation, and assault, based on incidents involving five different alleged victims, EL, SL, AW, AM, and AB. His sixteen assignments of error—all of which are unpreserved—reduce to three contentions: (1) that the trial court plainly erred in failing to instruct the jury that, in order to convict as to first-degree sexual abuse, as charged in Counts 1 (EL), 13 (SL), and 28 (AB), and first-degree rape, as charged in Counts 3 (EL), 11 (SL), and 27 (AB), the jury had to find that defendant *knew* that the alleged victims were incapable of consent by reason of mental incapacitation or physical helplessness; (2) that the trial court plainly erred in failing to enter a judgment of acquittal on the charge of fourth-degree assault involving AM (Count 25); and (3) that the trial court plainly erred in giving a nonunanimous jury instruction and accepting nonunanimous guilty verdicts on some counts. For the reasons explained below, we reverse and remand Counts 1, 2, 3, 4, 16, 27, 28, and 29 and remand for resentencing. Otherwise, we affirm.

A recitation of the facts giving rise to the charges is not necessary, nor would it benefit the bench, bar, or public.

We reject without discussion defendant's argument that the trial court erred in not *sua sponte* entering a judgment of acquittal on Count 25.

Taking defendant's remaining arguments in reverse order, we accept the state's concession that the trial court's instruction to the jury that "ten or more jurors must agree" to find defendant guilty was error under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (nonunanimous guilty verdicts for serious offenses violate the Sixth Amendment). Moreover, with respect to the counts on which the jury returned nonunanimous verdicts, the court's error in accepting the verdicts was plain, *State v. Ulery*, 366 Or 500, 503-04, 464 P3d 1123 (2020) (receipt of nonunanimous guilty verdict for a nonpetty offense constitutes plain error

---

[1] The trial court merged some of the guilty verdicts into other convictions. Defendant was acquitted of other counts.

in light of *Ramos*), and for the reasons stated in that case, we exercise our discretion to correct the error, *id*. at 504 (noting the court's inability to correct the error under then-controlling law and the gravity of the error). We therefore reverse and remand defendant's convictions on Counts 1, 2, 3, 4, 16, 27, 28, and 29 for a new trial. However, we reject defendant's contention that the nonunanimous jury instruction was "structural" error requiring reversal of all of his convictions. *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020) (instructing the jury that it could return a nonunanimous guilty verdict was not a structural error and, where the jury poll reveals that it unanimously found the defendant guilty of the charged offense, the nonunanimous jury instruction can be held harmless beyond a reasonable doubt); *see also State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020), *cert den*, ___ US ___, 141 S Ct 2837 (2021).

Those conclusions leave for our consideration defendant's contention in his first through sixth assignments of error that the trial court plainly erred by failing to instruct the jury that, with respect to first-degree rape and first-degree sexual abuse, a "knowingly" mental state applies to the victim's incapacity for consent because of mental incapacitation or physical helplessness element of those crimes as charged. We have already held that defendant is entitled to a new trial on some of the counts to which this argument pertains due to *Ramos*-related error, as discussed above. However, defendant's contention remains potentially dispositive with respect to Counts 11 and 13, on which the jury reached unanimous guilty verdicts.

Those counts charged defendant with first-degree rape and first-degree sexual abuse, respectively, under the theory that the alleged victim, SL, was incapable of consent by reason of mental incapacitation and/or physical helplessness. ORS 163.375(1)(d) (2017), *amended by* Or Laws 2021, ch 82, § 4;[2] ORS 163.427(1)(a)(C) (2017), *amended by* Or Laws

---

[2] We refer to the 2017 version of ORS 163.375 throughout this opinion; it provides, as relevant:

   "(1) A person who has sexual intercourse with another person commits the crime of rape in the first degree if:

   "* * * * *

2021, ch 82, § 7.[3] As to the elements of first-degree rape as charged in Count 11, the court instructed the jury:

> "In this case, to establish the crime of rape in the first degree in Count 11, the State must prove beyond a reasonable doubt the following elements:
>
> "Number one, the act occurred on or about February 25, 2018.
>
> "Number two, [defendant] *knowingly* had sexual intercourse with SL.
>
> "And number three, SL was incapable of consent by reason of mental incapacitation or physical helplessness."

As to the elements of first-degree sexual abuse as charged in Count 13, the court instructed the jury:

> "[T]o establish the crime of sexual abuse in the first degree as alleged in Count 13, the State must prove beyond a reasonable doubt the following elements:
>
> "Number one, the act occurred on or about February 25, 2018.
>
> "Number two, [defendant] knowingly subjected SL to sexual contact by touching her breast or vagina, a sexual or intimate part of SL.
>
> "And 3, SL was incapable of consent by reason of mental incapacitation or physical helplessness."

Defendant did not object to those instructions, nor did he request that the jury be instructed that, as to the third element of both offenses, a "knowingly" culpable mental state attached. That is, he did not urge that the jury was required to find that defendant *knew* that SL was incapable

---

"(d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness."

[3] We refer to the 2017 version of ORS 163.427(1)(a)(C) throughout this opinion; it provides, as relevant:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"*****

"(C) The victim is incapable of consent by reason of being mentally defective, mentally incapacitated or physically helpless[.]"

of consenting to the conduct because of mental incapacitation or physical helplessness. Nonetheless, on appeal, he contends that the omission of that instruction is plain error under *State v. Simonov*, 358 Or 531, 368 P3d 11 (2016), and *State v. Haltom*, 366 Or 791, 472 P3d 246 (2020), and that we should exercise our discretion under ORAP 5.45(1) to correct it.[4]

The state responds that defendant's argument is foreclosed by *State v. Phelps*, 141 Or App 555, 558, 902 P2d 1098, *rev den*, 324 Or 306 (1996) (discussed below), which held contrary to defendant's position, noting also that we have adhered to *Phelps* after *Simonov* was decided. *See State v. Gerig*, 297 Or App 884, 885, 444 P3d 1145 (2019), *rev'd in part on other grounds*, 368 Or 513, 493 P3d 521 (2021) (rejecting, based on *Phelps*, defendant's plain error argument that the trial court erred by not instructing the jury on first-degree rape and first-degree sexual abuse charges that it was required to find that defendant knew that the victim was incapable of consent due to physical helplessness, mental incapacity, or mental defect); *State v. Nyembo*, 292 Or App 215, 418 P3d 784, *rev den*, 363 Or 744 (2018) (per curiam, citing *Phelps*).

Defendant does not address *Phelps*. He did not file a reply brief or request oral argument after the state raised the case, nor does he argue, in his supplemental memorandum of additional authorities, which addresses *Haltom,* that we should overrule *Phelps* in light of that case.

"When a party has failed to preserve an assignment of error, we consider that error only if it is plain. ORAP 5.45(1). For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Ulery*, 366 Or at 502-03 (internal quotation marks and citation omitted). Here, the only question is whether the error is "obvious and not reasonably in dispute." The parties do not dispute that the other requirements for

---

[4] *Haltom* was decided after the parties filed their opening briefs and defendant raised it in a memorandum of additional authorities. The state did not respond and the case was submitted without oral argument, so we do not have the benefit of the state's opinion regarding the effect of *Haltom*.

plain error review are satisfied. We generally determine whether an error occurred by reference to the law in effect at the time of our decision. *Id.* at 503. As explained below, we conclude that the alleged error at issue here is not obvious or beyond reasonable dispute.

We begin with *Phelps*, which is directly on point. In *Phelps*, we rejected the defendant's argument that a culpable mental state of knowingly applied with respect to every element of first-degree rape in ORS 163.375(1)(d), and, therefore, that the state was required to prove that defendant knew that the victim was incapable of consenting to sexual intercourse. 141 Or App at 558-59. We relied on a statute that provided an affirmative defense to the charge. That statute, ORS 163.325(3) (1995), applicable in *Phelps* and in this case, provided:

> "In any prosecution under ORS 163.355 to 163.445 in which the victim's lack of consent is based solely upon the incapacity of the victim to consent because the victim is mentally defective, mentally incapacitated or physically helpless, it is an affirmative defense for the defendant to prove that at the time of the alleged offense the defendant did not know of the facts or conditions responsible for the victim's incapacity to consent."

ORS 163.325(3).[5] We concluded, after reading the text and context of the two statutes together, that it was clear

> "that the legislature did not intend to require the state to prove that defendant acted with a culpable mental state with regard to whether the victim lacked the mental capacity to consent. ORS 163.325(3), which places the issue of a defendant's knowledge regarding the victim's mental capacity squarely on a defendant, would be rendered meaningless under defendant's construction."

*Id*. at 558. We observed, "By its expression in ORS 163.325(3), the legislature has indicated its intention that knowledge of the incapacity to consent of a person within the definition of ORS 163.375(1)(d) is not a material element of the offense ***." *Id*. at 559. We also rejected defendant's constitutional

---

[5]  The statute has since been amended. *See* Or Laws 2021, ch 82, § 3; Or Laws 2021, ch 410, § 1. All references to ORS 163.325(3) in this opinion are to the earlier version.

argument that ORS 163.325(3) violates due process because it improperly shifts the burden of proof to the defendant. *Id.* at 559-61.

Under *Phelps*, the trial court in this case did not err by failing to instruct the jury that, with respect to Counts 11 and 13,[6] the state was required to prove that defendant knew that SL was incapable of consent by reason of mental incapacitation or physical helplessness. Nevertheless, the questions today are whether subsequent Supreme Court case law has displaced *Phelps*, such that it is no longer good law, and, ultimately, whether the court's failure to give such an instruction is plainly wrong.

It must "plainly be the case" that subsequent Supreme Court decisions undercut the validity of prior Court of Appeals decisions before we will overrule our precedents. *State ex rel Maney v. Hsu*, 308 Or App 822, 827, 482 P3d 136, *rev den*, 368 Or 273 (2021). In deciding whether one of our cases remains good law in light of a subsequent Supreme Court decision, we examine whether the Supreme Court's decision overrules our prior holding and, if it does not, whether the court's analysis "demonstrate[s] that our [prior decision] is 'plainly wrong,' such that we should overrule it ourselves." *State v. McKnight*, 293 Or App 274, 278, 426 P3d 669, *rev den*, 363 Or 817 (2018). The "plainly wrong" standard is a "'rigorous'" one, "'grounded in presumptive fidelity to *stare decisis.*'" *State v. Hubbell*, 314 Or App 844, 856, 500 P3d 728 (2021) (quoting *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017)). And, "[w]e start from the assumption that our prior cases were decided correctly, and the party urging us to abandon precedent must affirmatively persuade us to the contrary that a decision is plainly wrong." *McKnight*, 293 Or App at 278-79 (internal quotation marks omitted). In this case, defendant, as noted, does not address *Phelps*, much less contend that *Phelps* was "plainly wrong" in light of *Simonov* and *Haltom*, a factor that weighs in our conclusion.

We turn to *Haltom*, which elaborated and clarified the court's earlier decision in *Simonov.* In *Haltom*, the defendant

---

[6] The defense of ORS 163.325(3) also applies to first-degree sexual abuse under ORS 163.427(1)(a)(C), as charged in Count 13.

was convicted of second-degree sexual abuse as defined in ORS 163.425(1)(a), which makes it a crime to "'*subject* another person to sexual intercourse'" or certain other sexual acts when the victim "'*does not consent* thereto.'" 366 Or at 793 (emphases added; brackets omitted). Below and on appeal, the defendant argued that the lack of consent element of that offense was—similar to the "without consent" element of the unauthorized use of a vehicle offense, ORS 164.135(1)(a) (2015),[7] at issue in *Simonov*—a "conduct" element for purposes of determining the minimum mental state that applies when the statute fails to specify one, and, therefore, as in *Simonov*, "knowingly" is the minimum mental state that attaches to that element of second-degree sexual abuse. *Id*. at 794-96. The Supreme Court concluded that the "does not consent" element of ORS 163.425(1)(a) "is an integral part of the conduct that the statute proscribes," and therefore requires proof of a minimum mental state of "knowingly." *Id.* at 824.

In this case, defendant contends that the same is true with respect to the *incapacity* to consent element and that those cases therefore *compel* the conclusion that a knowingly culpable mental state also applies to the victim's incapacity to consent element of first-degree rape and first-degree sexual abuse as charged here. We are not persuaded.

The Supreme Court has stated, based on ORS 161.095(2),[8] that, for crimes defined in the Criminal Code, which includes ORS 163.375 and ORS 163.427, "a culpable mental state is required for each element of the offense except for those relating to the statute of limitations, jurisdiction, venue, and the like." *Haltom*, 366 Or at 797-98 (footnote omitted); *Simonov*, 358 Or at 537-38 ("every 'material

---

[7] The legislature amended ORS 164.135(1)(a) after *Simonov* was decided. Or Laws 2019, ch 530, § 1.

[8] ORS 161.095(2) provides:

"Except as provided in ORS 161.105 [governing violations and crimes outside the Criminal Code] a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

*See also* ORS 161.115(2) (providing that, if a statute does not prescribe a culpable mental state, "culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence").

element' of the offense ordinarily requires proof of a culpable mental state"; "[a]n element is 'material' unless it relates 'solely to the statute of limitations, jurisdiction, venue' or similar matters (citing *State v. Blanton*, 284 Or 591, 595, 588 P2d 28 (1978)). Admittedly, that statement undercuts our conclusion in *Phelps* that, due to the enactment of ORS 163.325(3), "knowledge of the incapacity to consent of a person within the definition of ORS 163.375(1)(d) is *not* a material element of the offense," 141 Or App at 559 (emphasis added), and the state is not required to prove that defendant acted with a culpable mental state with regard to whether the victim lacked the mental capacity to consent, *id.* at 558 (emphasis added).

However, the court has yet to directly confront the interplay between what the state must prove as to the offenses of ORS 163.375(1)(d) and ORS 163.427(1)(a)(C), which involve a victim's incapacity to consent, and the affirmative defense provided in ORS 163.325(3), which expressly requires the *defendant* to prove that they "did not know of the facts or conditions responsible for the victim's incapacity to consent."[9] *But see Haltom*, 366 Or at 818 (recognizing a portion of the commentary to ORS 163.325(3), suggesting, as discussed below, that the legislature understood that the state would *not* be required to prove culpable knowledge in those circumstances). *See also State v. Olive*, 259 Or App 104, 113 n 2, 312 P3d 588 (2013) (explaining that, "under ORS 161.095(2), *unless the legislature expressly provides otherwise*, a culpable mental state is required for all facts that the state must prove beyond a reasonable doubt to convict a defendant except those that relate solely to the statute of limitations, jurisdiction, venue, or other procedural prerequisites to conviction" (emphasis added)). Thus, we are not persuaded that *Haltom* effectively overruled *Phelps*; and

---

[9] That question was not at issue in *Simonov* or *Haltom*. As noted above, the affirmative defense set out in ORS 163.325(3) applies only in prosecutions where "the victim's lack of consent is based solely upon the *incapacity* of the victim to consent because the victim is mentally defective, mentally incapacitated or physically helpless." (Emphasis added.) In *Simonov*, the issue was whether, in a prosecution for unauthorized use of a vehicle, ORS 164.135 (2015), the jury was required to find that the defendant knew that the use of the vehicle was "without consent of the owner." In *Haltom*, as discussed, the court addressed whether a minimum mental state of "knowingly" applies to the "does not consent" element of second-degree sexual abuse in ORS 163.435(1)(a).

we are particularly unpersuaded where defendant has not developed an argument to overrule *Phelps. See Hubbell*, 314 Or App at 855 ("[T]he party seeking to change a precedent must assume responsibility for affirmatively persuading the court that it should abandon that precedent." (Internal quotation marks, brackets, and citations omitted.)).

Moreover, the court made clear in *Haltom* that, when a criminal statute fails to specify the applicable mental state or states, the determination of *what* mental state applies depends, first, on the category—conduct, circumstance, or result—the material element falls within. 366 Or at 798-99. That is based on what the legislature that enacted the statute intended or understood. 366 Or at 802; *see id.* at 802, 803 (explaining that the initial inquiry is "whether the legislature that enacted the statute intended or understood the element at issue as a circumstance"—for which the mental state of criminal negligence is sufficient—"or as part of the conduct that the statute proscribes"—which requires a minimum culpable state of "knowingly"). As with any inquiry into a statute's meaning, resolution of that question requires a careful examination of the statutory text and context as well as any helpful legislative history. *Id.* at 803.

Defendant's argument in this case that, because the court in *Haltom* determined that a knowingly mental state applied to the element of the victim's *nonconsent* in ORS 163.425(1)(a) (second-degree sexual abuse), the same *necessarily* applies with respect to the victim's *incapacity* to consent because of mental incapacitation or physical helplessness element in ORS 163.375(1)(d) (first-degree rape) and ORS 163.427(1)(a)(C) (first degree-sexual abuse), ignores that analysis. As such, defendant's argument does not account for the potentially significant differences in text and structure of the statutes. *Compare* ORS 163.425 (1)(a) ("and the victim *does not consent* thereto") *with* ORS 163.375(1)(d) ("[t]he victim is *incapable of consent* by reason of mental defect, mental incapacitation or physical helplessness") and ORS 163.427(1)(a)(C) ("[t]he victim is *incapable of consent* by reason of being mentally defective, mentally incapacitated or physically helpless") (emphases added). *See also Haltom*, 366 Or at 806 (explaining that "[t]he use of a particular grammatical construction may lend support to

one side of an interpretive controversy," although it is not dispositive); *id* at 804 (finding it "significant *** that the central conduct element in ORS 163.425(1)(a) is worded in terms of 'subject[ing] another person to sexual intercourse'" (brackets in *Haltom*)).[10]

Nor does defendant's argument account for any pertinent legislative history of ORS 163.375(1)(d) or ORS 163.427(1)(a)(C), because those statutes were not at issue in *Haltom*. Notably, the court in *Haltom* did discuss the affirmative defense statute, ORS 163.325, as relevant context for interpreting what the legislature intended with respect to the "does not consent" element of second-degree sexual abuse under ORS 163.425(1)(a). 366 Or at 814-18. And that discussion indicates that there *is* legislative history that could affect the analysis here.

In *Haltom*, the state and the defendant had each argued that the legislature's provision of an affirmative defense to sex crimes based on the defendant's lack of knowledge with respect to the victim's mental or physical *incapacity* to consent in ORS 163.325(3), without doing the same with respect to the victim's *actual* nonconsent in ORS 163.425(1)(a), provided support for their respective positions on the question whether knowingly or criminal negligence was the appropriate culpable mental state for the "does not consent" element of the latter statute. 366 Or at 814-16.

Of potential significance here, the defendant pointed out that the Criminal Law Commission's commentary pertaining to the affirmative defense of mistake as to the victim's incapacity to consent under ORS 163.325(3) included the following: "'The defendant is given the opportunity to exculpate himself *but the state is not given the difficult burden of proving culpable knowledge.*'" *Id*. at 816 (quoting Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 106, 108 (July 1970) (emphasis in *Haltom*)). In accepting the defendant's argument, the Supreme Court acknowledged that commentary, stating that it "appears to support

---

[10] The "[s]ubjects another person to" wording appears in ORS 163.427(1)(a)(C) but not in ORS 163.375(1)(d).

defendant's position that there is no inherent contradiction between providing an affirmative lack-of-knowledge defense when the victim's nonconsent is legally implied because of age or incapacity and requiring the state to prove the defendant's knowledge of the victim's nonconsent when actual, rather than legally implied, nonconsent is at issue." *Id.* at 818. Although the court was addressing a different point, that at least suggests that a different conclusion may result with respect to the legislature's intention when the issue is legally implied, rather than actual nonconsent.

Ignoring all of that, defendant instead relies on a footnote in *Simonov*, in which the court referenced the first-degree rape statute as an example of when the legislature has expressly provided mental states for all or certain of the elements of an offense in the Criminal Code, including the lack of a victim's consent. 358 Or at 538 n 3. The court noted that the requisite mental state for first-degree rape "depends on the state's theory of lack of consent," and opined that, "if lack of consent is based on the victim's incapacity, then an honest mistake, even if unreasonable, will excuse the defendant's conduct, meaning that the applicable mental state is knowingly," citing ORS 163.325(3). *Id.* Defendant's reliance on that statement is flawed for two reasons.

First, as the state points out, the court did not purport to alter the burdens of proof contemplated by the two statutes and the footnote can be understood to say only that a lack of knowledge, *if proved by the defendant as an affirmative defense*, could "*excuse*" conduct that would otherwise constitute first-degree rape. Indeed, that is how we understood the footnote in our opinion in *Gerig. See id.*, 297 Or App at 886 n 1.

Second, in any event, the footnote in *Simonov* is *dictum*. Neither the proper construction of ORS 163.375(1)(d) or ORS 163.427(1)(a)(C), nor how those statutes intersect with the affirmative defense set out in ORS 163.325(3), were at issue before the court. "*Dictum* is not binding on the court, and we do not apply *dictum* that provides no useful guidance." *Elk Creek Management Co. v. Gilbert*, 247 Or App 572, 579, 270 P3d 362 (2012), *rev on other grounds*, 353 Or 565, 303 P3d 929 (2013); *Godfrey v. Fred Meyer Stores*, 202

Or App 673, 680, 124 P3d 621 (2005), *rev den*, 340 Or 672 (2006) ("Ordinarily, *dictum*—even Oregon Supreme Court *dictum*—about the construction of a statute has no particular precedential force.").

In sum, nothing in *Simonov* or *Haltom* displaces our conclusion in *Phelps* that requiring proof that a defendant knew of the victim's incapacity would be inconsistent with the affirmative defense in ORS 163.325(3) and its legislative history; as a consequence, those cases are not a basis for concluding that *Phelps* is plainly wrong insofar as it rejected knowingly as a mental state, even if they give rise to the possibility that the legislature intended for a lower culpable mental state, such as criminal negligence, to apply, an issue that is not presented in this case.

We are not persuaded either that those cases effectively overruled *Phelps* or that we should overrule it ourselves as "plainly wrong," especially, as noted, in the absence of any argument from defendant to that effect. It follows that the trial court's error, if any, in failing to instruct the jury on Counts 11 and 13 that it was required to find that defendant *knew* that the victim was incapable of consent by reason of mental incapacity or physical helplessness is not plain. We therefore affirm those convictions.

Counts 1, 2, 3, 4, 16, 27, 28, and 29 reversed and remanded; remanded for resentencing; otherwise affirmed.