Argued and submitted January 24, 2022, reversed and remanded
March 8, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORGE ULISES SERRANO,
*Defendant-Appellant.*

Marion County Circuit Court
19CR75854; A174829

526 P3d 773

Defendant appeals a judgment of conviction after a bench trial for two counts of using a child in a display of sexually explicit conduct and two counts of second-degree encouraging child sexual abuse, asserting in a single assignment of error that the trial court erred in denying his motion to suppress evidence obtained in the execution of a search warrant for his cell phone. *Held*: As held this day in *State v. Serrano (A173250)*, 324 Or App 453, 527 P3d 54 (2023), the court erred in denying defendant's motion to suppress evidence from the same search warrant, because some of the evidence presented was derived from an investigation that had its source in material incidentally uncovered from a search of defendant's cell phone that was beyond the scope of the warrant's authorization for the search.

Reversed and remanded.

Thomas M. Hart, Judge.

Sara A. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Lagesen, Chief Judge, and Aoyagi, Judge.*

TOOKEY, P. J.

Reversed and remanded.

_____

* Lagesen, C. J., *vice* Sercombe, S. J.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction after a bench trial for two counts of using a child in a display of sexually explicit conduct, ORS 163.670, and two counts of second-degree encouraging child sexual abuse, ORS 163.686. In his single assignment of error, he contends that the trial court erred in denying his motion to suppress evidence obtained in the execution of a search warrant for his cell phone. We agree, and we reverse and remand.

The charges arose out of defendant's alleged conduct in repeatedly requesting, over a period of years, that the victim, a minor, send him pictures of her naked breasts. The victim complied with those requests by sending defendant pictures of her naked breasts, which defendant posted on a pornography website. Defendant assigns error to the trial court's denial of his motion to suppress evidence obtained through the execution of a search warrant for his cell phone.

We have held today, in a companion case involving different charges against defendant, that the trial court erred in denying defendant's motion to suppress evidence obtained from the same search warrant. *State v. Serrano (A173250)*, 324 Or App 453, 527 P3d 54 (2023). We reach the same conclusion here. Some of the evidence presented in this case was derived from an investigation that had its source in material incidentally uncovered from a search of defendant's cell phone that was beyond the scope of the warrant's authorization for the search. We held in *Serrano (A173250)*, that under the Supreme Court's opinion in *State v. Mansor*, 363 Or 185, 212, 421 P3d 323 (2018), police could not use that unauthorized material as a basis for a further investigation. Thus, evidence derived from the investigation that had a basis in the unauthorized material, including a subsequent search warrant for the contents of defendant's cell phone, was not admissible.

Evidential error is not presumed to be prejudicial. OEC 103(1). A trial court's erroneous evidentiary ruling does not require reversal if there is substantial and convincing evidence of guilt and little likelihood that the error affected the verdict. *State v. Davis*, 336 Or 19, 30, 77 P3d 1111 (2003). The state contends that any error in denying

defendant's motion to suppress in this case is harmless and does not require reversal, because there was other evidence that did not derive from the search of defendant's cell phone that also supports defendant's conviction. And, unlike in the companion case, here the victim's identity was determined from sources other than defendant's cell phone. However, images from defendant's cell phone that were uncovered as a result of the execution of the search warrant were presented at defendant's trial, and the prosecutor highlighted them in closing argument as evidence that defendant knowingly had control or possession of the images that formed the basis for the convictions. For that reason, we cannot say that the erroneously admitted evidence had little likelihood of affecting the court's verdict.

Reversed and remanded.