On respondent's petition for reconsideration filed March 17, and appellant's response filed March 23; reconsideration allowed, opinion (324 Or App 453, 527 P3d 54) modified, adhered to as modified April 19, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
JORGE ULISES SERRANO,
*Defendant-Appellant.*
Marion County Circuit Court
19CR02471; A173250

528 P3d 1219

In a petition for reconsideration, the state requests clarification of our opinion in *State v. Serrano (A173250)*, 324 Or App 453, 527 P3d 54 (2023), as to the harmless error analysis and as to whether the opinion disposes of defendant's second assignment of error, which challenged the trial court's denial of defendant's motion *in limine* to exclude nonresponsive material discovered on defendant's cell phone. *Held*: On reconsideration, the court clarified that its discussion of the first and second assignments of error relates to the trial court's rulings on both the motion to suppress and the motion *in limine*. The court further amended the opinion to clarify that the court's conclusion that the error in denying the motion to suppress was not harmless is not based on charges having been brought. The court amended the opinion, *see id*. at 467 to delete "the charges in this case stem from the investigation triggered by discovery of the nonresponsive material on defendant's cell phone, and" from the final sentence of the paragraph. As modified, the sentence now reads: "The denial of the motion to suppress therefore was not harmless, because highly probative evidence used to prove the state's case came from the nonresponsive material discovered on defendant's cell phone."

Reconsideration allowed; opinion modified; adhered to as modified.

Thomas M. Hart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara A. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Lagesen, Chief Judge, and Aoyagi, Judge.

TOOKEY, P. J.

Reconsideration allowed; opinion modified; adhered to as modified.

**TOOKEY, P. J.**

In a petition for reconsideration, the state requests clarification of our opinion in *State v. Serrano (A173250)*, 324 Or App 453, 527 P3d 54 (2023), as to whether the opinion disposes of defendant's second assignment of error, which challenged the trial court's denial of defendant's motion *in limine* to exclude nonresponsive material discovered on defendant's cell phone. We allow reconsideration to clarify that our discussion of the first and second assignments of error, *see id.* at 457-58, although explained in terms of the motion to suppress, also relates to the trial court's ruling on the motion *in limine*, and that the trial court erred in denying defendant's motion *in limine*.

We also clarify that our decision relating to the trial court's rulings is limited by defendant's motion *in limine* and motion to suppress, which sought to exclude evidence discovered during the two warranted searches of defendant's cell phone. If, and to the extent defendant seeks suppression of additional evidence based on the principles articulated in the opinion, that would require a new motion to suppress.

Finally, we amend the opinion to clarify that our conclusion that the error in denying the motion to suppress was not harmless is not based on charges having been brought. Thus, *see id.* at 467, we delete "the charges in this case stem from the investigation triggered by discovery of the nonresponsive material on defendant's cell phone, and" from the final sentence of the paragraph. As modified, the sentence now reads:

> "The denial of the motion to suppress therefore was not harmless, because highly probative evidence used to prove the state's case came from the nonresponsive material discovered on defendant's cell phone."

Reconsideration allowed; opinion modified; adhered to as modified.