***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted April 19, affirmed May 17, 2023

JUAN JOSE GUARDADO,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
19CV24496; A176893

Claudia M. Burton, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

## TOOKEY, P. J.

Petitioner appeals a judgment denying his petition for post-conviction relief. He raises two assignments of error, advancing a combined argument that his trial counsel was ineffective for failing to argue—through (1) a jury instruction or (2) a motion for judgment of acquittal—that, under ORS 163.427(1)(a)(C) (first-degree sexual abuse), the state must prove not simply that the victim was "incapable of consent" but must prove that petitioner *knew* that the victim was "incapable of consent." Petitioner contends that his trial counsel should have raised those points at trial, because the Supreme Court had not decided whether the "incapable of consent" element of first-degree sexual abuse requires proof of a defendant's knowledge, and trial counsel had a duty "to raise legal issues that are unsettled." Reviewing the post-conviction court's denial of relief for legal error, *Cartrette v. Nooth*, 284 Or App 834, 840, 395 P3d 627 (2017), we affirm.

To succeed on a claim of inadequate assistance of counsel, under Oregon law, a petitioner must prove by a preponderance of the evidence that "his or her trial counsel failed to exercise reasonable professional skill and judgment and that, because of that failure, the petitioner suffered prejudice." *Pereida-Alba v. Coursey*, 356 Or 654, 661-62, 342 P3d 70 (2015). Similarly, "under federal law, a petitioner must establish that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Id.* at 662 (internal quotation marks omitted). The state and federal standards are "functionally equivalent." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). Additionally, "[a] petitioner relying solely on arguments about the state of the law can prevail on such a theory of inadequate assistance only if the state of the law was so obviously ambiguous that any lawyer exercising reasonable professional skill and judgment necessarily would have seen it." *Jackson v. Franke*, 369 Or 422, 434, 507 P3d 222 (2022) (internal quotation marks omitted).

Here, as to whether trial counsel exercised reasonable professional skill and judgment, under relevant case law, a defendant's knowledge is *not* a component of the "incapable of consent" element: In *State v. Phelps*, 141 Or App

555, 920 P2d 1098, *rev den*, 324 Or 306 (1996), we examined the "incapable of consent" element of first-degree rape, ORS 163.375, and we held that "[i]t is clear *** that the legislature did not intend to require the state to prove that defendant acted with a culpable mental state with regard to whether the victim lacked the mental capacity to consent." *Phelps*, 141 Or App at 558; *see also State v. Woods*, 317 Or App 506, 513, 505 P3d 432, *rev den*, 370 Or 198 (2022) ("Under *Phelps*, the trial court in this case did not err by failing to instruct the jury that *** the state was required to prove that defendant knew that [the victim] was incapable of consent."). Accordingly, in this case, we conclude that the post-conviction court did not err in determining that petitioner's trial counsel was not inadequate or ineffective for the reasons alleged. "Because we conclude that trial counsel was not inadequate or unreasonable, we do not reach the 'prejudice' question." *Montez v. Czerniak*, 355 Or 1, 18 n 5, 322 P3d 487, *adh'd to on recons*, 355 Or 598, 330 P3d 595 (2014).

Affirmed.