No. 198 March 27, 2024 643

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORGE ULISES SERRANO,
*Defendant-Appellant.*

Washington County Circuit Court
18CR81033; A179031

Ricardo J. Menchaca, Judge.

Submitted January 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals convictions after a jury trial for one count of first-degree sodomy, ORS 163.405 (Count 3), and one count of first-degree rape, ORS 163.375 (Count 4). The convictions were based on a pretextual Snapchat conversation between defendant and an investigating officer posing as the complainant, in which defendant stated that he had raped and sodomized the complainant after she passed out due to drug and alcohol use. We affirm defendant's convictions but remand for resentencing.

In his first and second assignments of error on appeal, defendant contends that the state's evidence amounted to a confession under ORS 136.425(2), and that the trial court erred in denying his motion for a judgment of acquittal, based on the state's failure to present evidence corroborating his confessions. The state responds that defendant's argument is unpreserved, because he never cited ORS 136.425(2) or its corroboration requirement to the trial court, and he failed to alert the trial court either to (1) the need to make findings on whether the statements at issue reflected the kind of purpose that would make them a confession under ORS 136.425(2)[1] or (2) the need to assess whether the state's evidence met the corroboration requirement. We agree that the arguments raised in the first and second assignments are not preserved.

Defendant contends that we should nonetheless consider them as plain error apparent on the record. ORAP 5.45(1). We reject the contention that the asserted errors are plain, because it is not obvious or reasonably undisputed that defendant's text messages, on which his convictions are based, constituted confessions, rather than mere admissions intended to rekindle a relationship with the victim rather than to acknowledge guilt. *State v. J. R. S.*, 328 Or App 733, 539 P3d 341 (2023) ("An error that is not obvious or that is reasonably in dispute is not a plain error and is therefore not reviewable by this court."); *see also State v. Manzella*,

---

[1] ORS 136.425(2) provides:

"Except as provided in ORS 136.427, a confession alone is not sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed."

306 Or 303, 759 P2d 1078 (1988) (holding that statements made for some purpose other than to acknowledge guilt, *i.e.*, exculpatory statements or statements made as part of a person's employment duties, are not confessions); *State v. Muzzy*, 190 Or App 306, 319, 79 P3d 324 (2003), *rev den*, 336 Or 422 (2004) (discussing the distinction between a "confession" and an "admission"). If they were mere admissions rather than confessions, the corroboration requirement of ORS 136.425(2) did not apply. We therefore reject the contention that the trial court plainly erred.

In his third and fourth assignments of error, defendant contends that the trial court plainly erred in failing to instruct the jury of a need to find that defendant acted with a "knowing" mental state with respect to the "physical helplessness" element of first-degree sodomy and first-degree rape. As the state correctly points out, we have previously rejected that argument in *State v. Phelps*, 141 Or App 555, 920 P2d 1098, *rev den*, 324 Or 306 (1996), which we recently adhered to in *State v. Woods*, 317 Or App 506, 517, 505 P3d 432, *rev den*, 370 Or 198 (2022). We therefore reject defendant's third and fourth assignments.

In his fifth and sixth assignments of error, defendant contends that the trial court erred in imposing a life sentence without the possibility of parole. The state concedes that, in view of the reversal of defendant's convictions in *State v. Serrano*, 324 Or App 453, 527 P3d 54 (2023), *adh'd to as modified on recons*, 325 Or App 296, 528 P3d 1219 (2023), and *State v. Serrano*, 324 Or App 475, 526 P3d 773 (2023), on which a petition for review is currently pending before the Supreme Court, defendant will need to be resentenced in those cases as well as this one. We therefore accept the state's concession and remand this case for resentencing.

Remanded for resentencing; otherwise affirmed.