408 February 19, 2026 No. 139

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HELIO SANTIAGO FERREIRA,
*Defendant-Appellant.*

Washington County Circuit Court
20CR46909; A184580

Ricardo J. Menchaca, Judge.

Argued and submitted January 21, 2026.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals from an amended judgment of conviction for first-degree sexual abuse, ORS 163.427. The trial court found defendant guilty after a bench trial. Defendant raises three assignments of error. In his first assignment, defendant argues that the trial court erred when it denied his motion for judgment of acquittal (MJOA). In his second and third assignments of error, defendant argues that the trial court should have instructed itself that he was liable for first-degree sexual abuse only if he knew that the victim, L, was physically helpless when he subjected her to sexual contact, or at least that he acted with criminal negligence as to that element. We affirm for the following reasons.

The parties contest whether defendant preserved his first assignment of error. We assume, without deciding, that the issue was preserved through defendant's closing argument during the bench trial. *See State v. Gonzalez*, 188 Or App 430, 431, 71 P3d 573 (2003) (in a bench trial, challenging the legal sufficiency of the evidence in closing argument is equivalent to moving for judgment of acquittal).

A person commits the crime of first-degree sexual abuse, as charged here, when that person "subjects another person to sexual contact" and "[t]he victim is incapable of consent by reason of being mentally incapacitated, physically helpless or incapable of appraising the nature of the victim's conduct[.]" ORS 163.427(1)(a)(C). A person is "physically helpless" when that person "is unconscious or for any other reason is physically unable to communicate unwillingness to an act." ORS 163.305(4).

Defendant argues that L's testimony that she believed she was asleep when the sexual contact began was only based on the fact that she could not remember anything about her encounter with defendant before she became aware that he was subjecting her to sexual contact. Defendant argues that that was insufficient to support the inference that she was unconscious or otherwise unable to communicate unwillingness to the sexual contact. Defendant points out that L was intoxicated and engaged in volitional acts

earlier in the night that she did not remember. Thus, defendant argues, a rational trier of fact could not infer from L's lack of memory that she was physically helpless. The state argues that L's testimony would permit a rational trier of fact to find that L was unconscious and therefore physically helpless when defendant subjected her to sexual contact.

When reviewing the denial of an MJOA, we view the facts in the light most favorable to the state to determine if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Turnidge*, 359 Or 364, 366, 374 P3d 853 (2016), *cert den*, 580 US 1070 (2017). L testified that she got into an Uber that she believed was taking her home but "woke up" several hours later to defendant touching and licking her exposed breasts. She testified that her first thought when waking up was "what [was] happening" and described herself as "[c]oming out of unconsciousness[.]" We conclude that L's testimony provided sufficient evidence for a rational trier of fact to find that L was unconscious, and therefore physically helpless, when defendant subjected her to sexual contact. Thus, the trial court did not err when it denied defendant's MJOA.

We also reject defendant's second and third assignments of error that the trial court erred in instructing itself. In the second assignment of error, defendant makes an argument that we have previously considered and rejected—that the state was required to prove defendant's knowledge of a victim's incapacity to consent. *State v. Snider*, 346 Or App 534, 540-41, ___ P3d ___ (2026) (declining to overrule *State v. Phelps*, 141 Or App 555, 920 P2d 1098, *rev den*, 324 Or 306 (1996), as plainly wrong as to whether the state must prove a defendant's knowledge of the victim's incapacity); *State v. Woods*, 317 Or App 506, 519, 505 P3d 432, *rev den*, 370 Or 198 (2022) (also so declining). We are not persuaded that *Phelps* is plainly wrong and should be overruled. *See State v. McKnight*, 293 Or App 274, 278-79, 426 P3d 669, *rev den*, 363 Or 817 (2018) (setting out standard for overruling precedent). Therefore, we reject the second assignment of error.

In his third assignment of error, defendant argues that *Phelps*, *Woods*, and *Snider*, leave open the question of whether the state must prove that defendant was criminally

negligent as to L's capacity to consent. The state argues that defendant failed to preserve that argument because he did not argue before the trial court that a mental state of criminal negligence is required. *See State v. Efimoff*, 346 Or App 402, 410-11, ___ P3d ___ (2026) (holding that the defendant's argument in the trial court that a knowing mental state applies failed to preserve his argument on appeal that a criminal negligence mental state applies). We agree that defendant failed to preserve the argument in support of the third assignment of error for the reasons explained in *Efimoff*.

Defendant alternatively requests plain error review under ORAP 5.45(1). *See id.* at 405 (setting out requirements of plain error review, including that the legal point is obvious and not reasonably in dispute). Here, the error is not plain because it is not obvious that the legislature intended the culpable mental state of criminal negligence to apply. In *Phelps*, we concluded that "the legislature did not intend to require the state to prove that defendant acted with a culpable mental state with regard to whether the victim lacked the mental capacity to consent." 141 Or App at 558. We have declined to overrule *Phelps*, as noted above, even when we have acknowledged "the possibility that the legislature intended for a lower culpable mental state, such as criminal negligence, to apply[.]" *Woods*, 317 Or App at 519. Even if *Phelps* left that question open, it is not obvious that ORS 163.427(1)(a)(C), considered in the context of the affirmative defense in ORS 163.325(3), requires the state to prove that a defendant was criminally negligent with respect to a victim's physical helplessness. Accordingly, we reject defendant's third assignment of error.

Affirmed.