Argued and submitted May 31, affirmed November 9, 1988

STATE OF OREGON,
*Respondent,*

*v.*

JAMES EUGENE LUTTRELL,
*Appellant.*

(85-CR-0299-JC; CA A45162)

764 P2d 554

Albert F. Cunningham, Redding, California, argued the cause and filed the brief for appellant.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber, Judge and Van Hoomissen, Judge pro tempore.

VAN HOOMISSEN, J. pro tempore.

Warden, P. J., dissenting.

**VAN HOOMISSEN, J.,** pro tempore.

Defendant appeals his convictions for sodomy and sexual abuse of a six-month old child for whom he was providing day care. We affirm.

Defendant first contends that the trial court erred in denying his motion for a judgment of acquittal. He argues that there is no evidence to support his convictions. We disagree. Viewing the evidence in the light most favorable to the state, *State v. Arnold,* 90 Or App 596, 599, 752 P2d 1300 (1988), we conclude that the state introduced sufficient evidence from which a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. That is sufficient to withstand a motion for judgment of acquittal. *See* ORS 136.445; *State v. Harris,* 288 Or 703, 609 P2d 798 (1980); *Jackson v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560 (1979).

■    Defendant also argues that, because the state failed to prove actual sexual penetration, he cannot be convicted of sodomy. Again, we disagree. Under ORS 163.405(1)(b), a person who engages in "deviate sexual intercourse" with a person under 12 years of age commits sodomy in the first degree. ORS 163.305(1) defines deviate sexual intercourse to mean "sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another." The plain language of the relevant statutes, and the commentary to ORS 163.405, demonstrate that sexual penetration is not an element of the offense of sodomy in the first degree.

■    Defendant's argument that ORS 163.405 is unconstitutionally vague lacks merit. *See State v. Cornell/Pinnell,* 304 Or 27, 29-30, 741 P2d 501 (1987); *State v. Robertson,* 293 Or 402, 411 n 8, 649 P2d 569 (1982); *State v. Pagel,* 16 Or App 415-416, 414, 518 P2d 1037, *rev den* (1974). Defendant's conduct is clearly proscribed by the statute.

Defendant next contends that the trial court erred in admitting polygraph evidence. He relies on *State v. Lyon,* 304 Or 221, 744 P2d 231 (1987), a case that was decided several months after he was convicted and had filed his notice of appeal in this case.

At trial, a polygraph examiner testified about the

results of a polygraph examination that he had given defendant. The testimony was not favorable to defendant. The evidence was received without objection pursuant to a stipulation of the parties. Unlike the defendant in *Lyon,* defendant here failed to object at trial to the polygraph evidence. Thus, the question was not preserved for appeal, and we will not consider it. *State v. Hickman,* 273 Or 358, 360, 540 P2d 1406 (1975); *State v. McDonald,* 77 Or App 267, 269 n 2, 712 P2d 163 (1986); ORAP 7.19(5). *Griffith v. Kentucky,* 479 US 314, 107 S Ct 708, 93 L Ed 2d 649 (1987), cited by defendant, does not support a different conclusion. In that case, the defendant raised and preserved the relevant question at trial.

We decline to consider the question as an error of law apparent on the face of the record. *See* ORAP 7.19(5). The *Lyon* rule is a rule of evidence, not a rule of criminal procedure that is mandated by either the state or federal constitution. When the stipulated polygraph evidence was received, it was admissible. *See State v. Brown,* 297 Or 404, 687 P2d 751 (1984); *State v. Bennett,* 17 Or App 197, 521 P2d 31, *rev den* (1974). The language of *Lyon* indicated that its new rule excluding stipulated polygraph evidence was to have prospective application:

"The same considerations that compelled us to conclude in *Brown* that polygraph results are inadmissible over the objection of either party compel us now to conclude that polygraph evidence is inadmissible for any purpose in any legal proceeding subject to the rules of evidence under the Oregon Evidence Code, and *henceforth* its admission, pursuant even to the parties' stipulation, is error." 304 Or App at 233-234. (Emphasis supplied.)

Affirmed.

**WARDEN, J.,** dissenting.

Because defendant did not object at trial and therefore did not preserve the issue for appeal, the majority refuses to consider his argument that inadmissible polygraph evidence was presented at his trial. That position undercuts the Supreme Court's refusal to permit any use of polygraph evidence in any proceeding under the Oregon Evidence Code, and for that reason I cannot join in it. I would hold that the admission of polygraph evidence on stipulation of the parties

was plain error requiring reversal of defendant's conviction. I therefore dissent.[1]

In *State v. Lyon,* 304 Or 221, 744 P2d 231 (1987), which was decided after the trial of this case, the Supreme Court held that polygraph evidence, whether stipulated to or not, is *never* admissible under OEC 403:

"The parties may stipulate to facts. Where the admissibility of an item of evidence is conditioned upon the satisfaction of certain foundational requirements, the parties may stipulate to the satisfaction of those requirements and will be bound by that stipulation. *However, they may not by stipulation change the law to render admissible that which we have concluded is not admissible. * * *

"* * * Because of the importance of the institutional values implicated by the admission of polygraph results into evidence, we hold that *we will not recognize a stipulation between the parties to the admissibility of polygraph evidence.*" 304 Or at 231, 232. (Emphasis supplied.)

As Judge Linde noted in his concurrence, the court's opinion

"goes beyond normal procedures for excluding unreliable evidence over an opposing party's objection and *instructs courts not to admit polygraph evidence even without objection or when the parties expressly stipulate to its admission.*" 304 Or at 235 (Linde, J., concurring). (Emphasis supplied.)

*State v. Lyon, supra,* simply reemphasized the distrust of polygraph evidence that the Supreme Court had already expressed, at greater length, in *State v. Brown,* 297 Or 404, 687 P2d 751 (1984). In *Lyon* the court closed the only avenue for the admission of polygraph evidence that it had left open in *Brown.* It is unquestionable that, after *Lyon,* a judge who admits polygraph evidence commits plain error which will require reversal, even if both parties beg for the admission of the evidence. *See* OEC 103(4); ORAP 7.19(5). We can ignore *Lyon* and affirm this conviction only if we conclude that the court's action in admitting stipulated polygraph evidence was not plain error because it predated the decision in *Lyon.* I can find no basis for doing so.

The majority suggests that the stipulated polygraph evidence was admissible when the court received it, thereby

---

[1] I agree with the majority's resolution of the other issues in the case.

implying that the Supreme Court changed the law in *State v. Lyon, supra.* 93 Or App at 775. That implication is incorrect. Although we permitted the admission of stipulated polygraph evidence in *State v. Bennett,* 17 Or App 197, 521 P2d 31, *rev den* (1974), the Supreme Court in *State v. Brown, supra,* 297 Or at 445 n 35, expressly withheld judgment on whether our decision in *Bennett* was correct. Its previous denial of a petition for review of that decision had no precedential significance:

"An issue that may appear to be settled by one or more opinions of the Court of Appeals may in fact not be settled when a later petition presenting the issue demonstrates that it deserves review in this court. While this fact can introduce temporary uncertainties in the law, that is a concomitant of discretionary review * * *." *1000 Friends of Oregon v. Bd. of Co. Comm.,* 284 Or 41, 47, 584 P2d 1371 (1978).

*State v. Lyon, supra,* was the first Supreme Court decision to consider the admissibility of stipulated polygraph evidence under the Evidence Code. Its result is consistent with the court's previous discussion in *State v. Brown, supra,* although *Brown* did not compel it. That we had reached a different result in pre-Evidence Code cases does nothing to affect the impact of the Supreme Court's construction of the Code. Before *Lyon,* there was no law on the subject at the Supreme Court level. Now that the law is clear, the only thing to do is to apply it, and I see no reason that it would not be as applicable to cases tried under the code before *Lyon* as it is to cases tried under the code afterwards. The code has not changed; the Supreme Court has simply stated its meaning. It must have meant the same thing before the court's statement. Because the majority fails to apply *State v. Lyon, supra,* to this case, I respectfully dissent.