Submitted November 27, 2013, affirmed October 8, 2014, petition for review denied January 15, 2015 (356 Or 685)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYMOND CAMPBELL, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
10C49012; A149727

337 P3d 186

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Raymond Campbell filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Defendant, who was convicted after a bench trial of a number of offenses arising from multiple incidents involving the victim, his girlfriend, appeals and asserts that the trial court erred in not acquitting him, based on insufficient evidence, of the charges of witness tampering, ORS 162.285, and second-degree assault constituting domestic violence, ORS 163.175 and ORS 132.586.[1] He also challenges his sentence. We affirm the convictions and sentence. We write only to address why we decline to correct plain error with respect to the witness tampering charge and why we conclude that the error asserted with respect to the second-degree assault charge is not plain.

We first address defendant's contention that the evidence is insufficient to support his conviction of witness tampering. As an initial matter, we conclude that the contention is not preserved. At the close of the state's evidence, defense counsel and the trial court engaged in the following colloquy:

"[DEFENSE COUNSEL]: Your Honor, ordinarily I would be making a motion for directed verdict of acquittal at this time before we go to the defense case, but that would be when we have a jury. It's just the judge in this case as the trier of fact I think I will forego [*sic*] that and move on to the defense case.

"[THE COURT]: Why don't we note that a judgment of acquittal motion was made generally. * * * [W]e don't know what the findings are going to be. But, ultimately, if we should get to that issue down the road and there was not sufficient evidence to submit the matter to the trier of fact, then the appeals court could review that.

"[DEFENSE COUNSEL]: Absolutely.

"[THE COURT]: Okay. Let's do that.

"[DEFENSE COUNSEL]: Thank you."

---

[1] Defendant was convicted of an additional five offenses, including fourth-degree felony assault constituting domestic violence, ORS 163.160, misdemeanor fourth degree assault constituting domestic violence, ORS 163.160; strangulation, ORS 163.187, unlawful use of a weapon, ORS 166.220, and menacing constituting domestic violence. ORS 163.190.

Defendant contends that that colloquy preserved his challenge to the sufficiency of the evidence on the witness tampering charge. We disagree. Defendant's comments, considered along with the court's response, would constitute, at most, a general motion for judgment of acquittal on all counts, without specifying any theory. That is not sufficient to preserve defendant's contention on appeal that the evidence was insufficient on the witness tampering charge. *See State v. Paragon*, 195 Or App 265, 268, 97 P3d 691 (2004) (motion for judgment of acquittal must state specific theory on which state's proof was insufficient); *State v. Schodrow*, 187 Or App 224, 231 n 5, 66 P3d 547 (2003) (general motion for judgment of acquittal without specifying theory on which state's proof was insufficient preserves no ground for challenge on appeal). We therefore conclude that defendant did not preserve his contention for appeal.

Defendant contends, nonetheless, that the court committed plain error in failing to acquit him of the witness tampering charge, and that we should exercise our discretion to correct it. Because defendant was convicted, we summarize the relevant facts in the light most favorable to the state. *State v. Barboe*, 253 Or App 367, 369, 290 P3d 833 (2012), *rev den*, 353 Or 714 (2013). The evidence at trial is that defendant called the victim from jail and told her that he did not want her to testify against him and that defendant's brother would call her. Defendant's brother and several others called the victim. Defendant was charged under ORS 162.285(1)(b), which provides:

"A person commits the crime of tampering with a witness if:

"* * * * *

"(b) The person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned."

The indictment charged that defendant violated the statute by knowingly inducing or attempting to induce the victim, "a witness, to absent herself from an official proceeding to which said witness had been legally summoned." The state's theory at trial was that defendant had attempted to induce the victim to be absent from the grand jury. The

state concedes that there is no evidence in the record that the victim had been legally summoned to testify before the grand jury at the time defendant attempted to induce her not to appear. The state further concedes that, in light of the absence of evidence, the trial court committed plain error by entering a judgment of conviction on the witness tampering charge. *See, e.g., State v. Pervish*, 202 Or App 442, 467, 123 P3d 285 (2005), *rev den*, 340 Or 308 (2006); *State v. Martin*, 95 Or App 170, 175, 769 P2d 203 (1989) (tampering under ORS 162.285(1)(b) requires proof that the inducement occurred after the witness had been served with a subpoena). We accept the state's concession.

But the state contends that the relevant considerations weigh against the exercise of our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). The factors that we consider in determining whether to correct an unpreserved plain error include the ends of justice in the particular case, the gravity of the error, and whether the policies underlying the preservation requirement were served in another way. *Id.* at 382 n 6. One of the policies underlying the preservation requirement is that of allowing the opposing party the opportunity to respond to the asserted error. *See Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) (preservation rules are intended to ensure that parties clearly present arguments to the trial court and that other parties are not taken by surprise, misled, or denied opportunities to meet an argument); *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (citing "fairness to the adversary parties" as a justification for preservation rules).

In this case, if defendant had adequately raised his objection in the trial court, the court could have remedied the error by allowing the state to reopen its case to produce additional evidence showing that the victim had, in fact, been served with summons at the time defendant attempted to coerce her not to testify. Because defendant did not raise his objection, the policies underlying the preservation requirement were undermined, and we decline to exercise our discretion to correct the error. *Cf. State v. Reynolds*, 250 Or App 516, 523-24, 280 P3d 1051, *rev den*, 352 Or 666 (2012) (exercising discretion to correct error as to sufficiency

of evidence where "[t]his is not a case where, if the error had been timely raised, the state could have reopened its case and corrected the deficiency in its proof").

We next address defendant's contention that the evidence at trial was insufficient to convict him of the charge of second-degree assault constituting domestic violence. We once again conclude that the colloquy at trial between defense counsel and the trial court was not sufficient to preserve defendant's argument on appeal concerning the sufficiency of the evidence on the second-degree assault charge; thus, we consider defendant's contention that the trial court committed plain error in convicting him of the charge. Error is plain if it is one of law that is obvious and not reasonably in dispute, and if the facts on which it depends are irrefutable, so that the court need not go outside the record or choose between competing inferences. *Ailes*, 312 Or at 381-82.

A person commits the offense of second-degree assault when the person "intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon." ORS 163.175(1)(b). A "dangerous weapon" is "any weapon, device, instrument, material or substance which under the circumstances in which it is used *** is readily capable of causing death or serious physical injury." ORS 161.015(1). "Serious physical injury," in turn, is defined in ORS 161.015(8) as an injury that "creates a substantial risk of death or which causes serious and protracted disfigurement[.]"

As mentioned, because the court convicted defendant of the second-degree assault charge, in considering the record, we view the evidence in the light most favorable to the state. *Barboe*, 253 Or App at 369. The second-degree assault charge arises out of an incident in which defendant pressed a lit cigarette against the victim's cheek for several seconds. The state presented evidence that the burn from the cigarette caused a blister to the victim's face and that a scar was visible at the time of trial, several months after the incident. The state's theory was that defendant's use of the cigarette could have resulted in serious physical injury in the form of "serious and protracted disfigurement."

Defendant contends that the evidence at trial was insufficient to show that defendant's use of the cigarette created a substantial risk of serious physical injury, because the state did not present any evidence of the seriousness of the burn suffered by the victim or the potential health risks associated with it. Further, defendant contends that the evidence shows that the scar was small and was visible only to someone who knew it was there and, therefore, could not constitute "serious and protracted disfigurement."

The test for determining whether an instrumentality was used as a dangerous weapon is not the injury that resulted, but the injury that could have resulted under the circumstances. *State v. Glazier*, 253 Or App 109, 114, 288 P3d 1007 (2012), *rev den*, 353 Or 280 (2013). We reject defendant's contention that it is "obvious" and not reasonably in dispute from the record that serious and protracted disfigurement could not have resulted from defendant's use of a cigarette to burn the victim's cheek. We therefore conclude that the trial court did not commit plain error in entering a judgment of conviction on the charge of second-degree assault.

We reject defendant's remaining contentions without discussion.

Affirmed.