On appellant's petition for reconsideration filed May 4; reconsideration allowed; former disposition (303 Or App 176, 460 P3d 130) withdrawn; conviction on Count 1, first-degree rape, reversed and remanded; remanded for resentencing; otherwise affirmed June 17, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN LAMAR ROBERTS,
*Defendant-Appellant.*

Multnomah County Circuit Court
130733183; A168253

468 P3d 1039

Cheryl A. Albrecht, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reconsideration allowed; former disposition withdrawn; conviction on Count 1, first-degree rape, reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted on one count each of first-degree rape, first-degree sodomy, and incest. In a prior appeal, we remanded the case to the trial court to conduct OEC 403 balancing with respect to certain evidence. *State v. Roberts*, 288 Or App 145, 406 P3d 117 (2017). The court did so and subsequently re-entered those convictions. In the present appeal, defendant argued that the court again had erred under OEC 403, and this court affirmed without opinion. *State v. Roberts*, 303 Or App 176, 460 P3d 130 (2020). Defendant seeks reconsideration to add an assignment of error that the jury's verdict on the first-degree rape count was not unanimous, and seeks reversal of that conviction based on *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), in which the Court recently concluded that nonunanimous jury verdicts violated the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction of the error because the trial court would not have been able to correct it under controlling law.

As a general matter, an assignment of error must be asserted in a party's opening brief. ORAP 5.45(1). However, in *State v. Williams*, 366 Or 495, 466 P3d 55 (2020), the court explained that this rule may be waived for "good cause" under ORAP 1.20(5), and it concluded that the significant change in the law announced by the Court in *Ramos* constituted good cause for waiver of that rule. For the reasons set forth in *Williams*, we exercise our discretion under ORAP 1.20(5) to waive ORAP 5.45(1) and consider defendant's additional assignment of error.

We conclude that the court's receipt of a nonunanimous verdict on the count of first-degree rape was plain error, and for the reasons set forth in *Ulery*, we exercise our discretion to correct that error. We reject defendant's remaining arguments without discussion.

Reconsideration allowed; former disposition withdrawn; conviction on Count 1, first-degree rape, reversed and remanded; remanded for resentencing; otherwise affirmed.