Submitted July 16, reversed and remanded August 26, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS CHARLES WOLLAM,
*Defendant-Appellant.*

Washington County Circuit Court
16CR31207; A169467

473 P3d 1163

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals a judgment of conviction for (1) third-degree assault; (2) reckless driving; and (3) recklessly endangering another person. Each verdict was nonunanimous and entered over defendant's objection on that point. Defendant first contends that, as to each conviction, the evidence is not sufficient to support a finding that he had the requisite culpable mental state. Thus, defendant argues, the trial court erred or plainly erred by not acquitting him on each count. We reject his contention regarding sufficiency of the evidence because it is not preserved and, on this record, we see no plain error.

Defendant also assigns error to the trial court's acceptance, over his objection, of nonunanimous verdicts on each count. As the state correctly concedes, *Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 206 L Ed 2d 583 (2020), which held that the Sixth and Fourteenth Amendments to the United States Constitution require unanimous jury verdicts to convict a defendant who exercises his Sixth Amendment right to trial by jury, entitles defendant to reversal of his convictions on that score. We note that, although two of defendant's convictions were for Class A misdemeanors (the convictions for reckless driving, ORS 811.140, and recklessly endangering another person, ORS 163.195), the Sixth Amendment gave defendant a right to a jury trial on those charges. That is because a Class A misdemeanor may be punished by up to 364 days' incarceration, ORS 161.615, and the Sixth Amendment jury trial right applies "where the possible penalty exceeds six months' imprisonment." *Baldwin v. New York*, 399 US 66, 73-74, 90 S Ct 1886, 26 L Ed 2d 437 (1970); *Ramos*, 590 US at \_\_\_, 140 S Ct at 1394 n 7 (observing that, "[u]nder existing precedent and consistent with a common law tradition not at issue here, a defendant may be tried for certain 'petty offenses' without a jury" (quoting *Cheff v. Schnackenberg*, 384 US 373, 379, 86 S Ct 1523, 16 L Ed 2d 629 (1966))). Because defendant had a Sixth Amendment right to a jury trial on those charges, he had the included right to unanimity recognized in *Ramos*.

In his remaining assignments of error, defendant contends that the trial court made evidentiary errors, an instructional error, and erred in how it restricted defendant's closing argument. Because the record suggests that those alleged errors—if errors—are ones that will not necessarily recur on remand, we decline to reach them.

Reversed and remanded.