On appellant's petition for reconsideration filed September 23, 2020; reconsideration allowed, former disposition (306 Or App 402, 474 P3d 39) withdrawn, convictions on Counts 8, 10, 11, and 12 reversed and remanded, remanded for resentencing, otherwise affirmed February 3, 2021

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JEREMY LANCE HORNER,
*Defendant-Appellant.*

## Lane County Circuit Court
201204868; A162293

481 P3d 442

Defendant appeals a judgment of conviction for 26 crimes. Most of the jury verdicts were unanimous, however, four were not. In *State v. Horner*, 306 Or App 402, 474 P3d 394 (2020), the Court of Appeals rejected defendant's challenge to his sentences. Defendant then petitioned for reconsideration in light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), which held that nonunanimous jury verdicts violated the Sixth Amendment to the United States Constitution. Defendant argues that, because the trial court instructed the jury that nonunanimous verdicts were permissible, all of his convictions must be reversed based on structural error. Alternatively, he argues that the four counts receiving nonunanimous verdicts must be reversed as plainly erroneous. *Held*: Even though the nonunanimous jury instruction was erroneous in light of *Ramos*, the error was not structural, and, with respect to each count receiving a unanimous verdict, such error was harmless beyond a reasonable doubt. *State v. Ciraulo*, 367 Or 350, 353, 478 P3d 502 (2020). However, in light of *State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020), the trial court plainly erred by accepting nonunanimous verdicts for four counts.

Reconsideration allowed; former disposition withdrawn; convictions on Counts 8, 10, 11, and 12 reversed and remanded; remanded for resentencing; otherwise affirmed.

Charles D. Carlson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, for response.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore.

Reconsideration allowed; former disposition withdrawn; convictions on Counts 8, 10, 11, and 12 reversed and remanded; remanded for resentencing; otherwise affirmed.

**HADLOCK, J. pro tempore**

Defendant was convicted of 26 crimes (some felonies and some misdemeanors), and he received a decadeslong sentence. *See State v. Horner*, 272 Or App 355, 358-59, 356 P3d 111 (2015), *rev den*, 358 Or 794 (2016). In defendant's initial appeal, we rejected challenges to his convictions but remanded for resentencing. *Id*. at 358, 371. After resentencing, defendant again appealed, arguing that his sentences were unconstitutionally disproportionate, both individually and in the aggregate. *See State v. Horner*, 306 Or App 402, 403-04, 474 P3d 394 (2020). After we issued an opinion rejecting those arguments, defendant petitioned for reconsideration, seeking to challenge his convictions on two new grounds, both based on the United States Supreme Court's holding in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that nonunanimous jury verdicts violated the Sixth Amendment to the United States Constitution.

In supplemental briefing associated with his petition for reconsideration, defendant acknowledges that the verdicts for most of his convictions were unanimous, but he points out that the verdicts on Counts 8, 10, 11, and 12— each a conviction for the Class A misdemeanor of reckless endangerment—were not unanimous. In his supplemental brief, defendant first assigns error to the trial court having instructed the jury that it could return nonunanimous guilty verdicts. Defendant contends that the erroneous jury instruction constitutes structural error and that the error was not harmless, even with respect to the unanimous verdicts. In a second supplemental assignment of error, defendant argues that, even if we reject his first argument, the convictions on Counts 8, 10, 11, and 12 by nonunanimous verdict must be reversed as plainly erroneous under *Ramos*. In its own supplemental brief, the state expresses disagreement with defendant's first assignment of error, but it concedes that the trial court plainly erred by accepting the nonunanimous verdicts on Counts 8, 10, 11, and 12.

We grant the petition for reconsideration and allow the supplemental briefing for the reasons set forth in *State v. Roberts*, 304 Or App 845, 846, 468 P3d 1039 (2020).

Defendant's first supplemental assignment of error fails under *State v. Ciraulo*, 367 Or 350, 353, 478 P3d 502 (2020) (with respect to unanimous verdicts, rejecting argument that reversal was required because jury instruction permitting nonunanimous verdicts was structural error and not harmless). However, the argument that defendant makes in his second supplemental assignment of error is correct. The trial court plainly erred when it accepted nonunanimous verdicts on Counts 8, 10, 11, and 12. *See State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020) (holding that "receipt of a nonunanimous guilty verdict for a nonpetty offense constitutes plain error in light of *Ramos*" (citing *State v. Ulery,* 366 Or 500, 464 P3d 1123 (2020))); *State v. Wollam*, 306 Or App 284, 285, 473 P3d 1163 (2020) (*Ramos* applies to Class A misdemeanors). For the reasons we have done so in *Roberts* and other analogous cases, we exercise our discretion to correct that error.

Reconsideration allowed; former disposition withdrawn; convictions on Counts 8, 10, 11, and 12 reversed and remanded; remanded for resentencing; otherwise affirmed.[1]

---

[1] We remand pursuant to *former* ORS 138.222(5)(b) (2015), *repealed by* Or Laws 2017, ch 529, § 26, which provided that remand for resentencing on affirmed counts is required "[i]f the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts[.]" *Former* ORS 138.222(5)(b) (2015) applies because the judgment on appeal was entered before January 1, 2018, the effective date of the legislation that repealed the statute.