Submitted January 27; conviction on Count 5 reversed and remanded,
remanded for resentencing, otherwise affirmed February 18, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTONIO VASQUEZ-REYES,
*Defendant-Appellant.*

Marion County Circuit Court
19CR28462; A171308

481 P3d 1037

Mary Mertens James, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Conviction on Count 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted by jury verdict of one count each of second-degree assault constituting domestic violence (Count 1) and strangulation constituting domestic violence (Count 2), as well as two counts of fourth-degree assault constituting domestic violence (Counts 3 and 5). The jury was instructed that its verdicts need not be unanimous, which was error under the Sixth Amendment to the United States Constitution. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). The jury was unanimous as to all of the counts except Count 5, on which it returned a nonunanimous verdict.

On appeal, defendant argues that the trial court plainly erred in giving the nonunanimous jury instruction, that the error was structural error, and that all of his convictions therefore should be reversed. The state concedes that defendant is entitled to reversal on the nonunanimous count. We agree and accept the concession, and exercise discretion to correct the error for the reasons set forth in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020).[1] As for defendant's structural error argument concerning the remaining convictions, he makes the same arguments that were rejected in *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020), and its companion cases. Defendant also raises an evidentiary argument on appeal, which we reject without written discussion.

Conviction on Count 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] The offense of fourth-degree assault constituting domestic violence is a Class A misdemeanor, which is punishable up to 364 days imprisonment (ORS 161.615), and, because the possible penalty exceeded six months' imprisonment, defendant was entitled to a unanimous jury verdict under the Sixth Amendment. *See State v. Wollam*, 306 Or App 284, 285, 473 P3d 1163 (2020) (so stating).