No. 79 February 7, 2024 611

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS EDWIN GRIGSBY,
aka Thomas Grigsby,
*Defendant-Appellant.*

Klamath County Circuit Court
20CR67043; A177373

Marci Warner Adkisson, Judge.

Submitted January 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

SHORR, P. J.

Defendant was found guilty by a jury of two counts of first-degree sodomy and six counts of first-degree sexual abuse for conduct involving two children, S and L. He was sentenced to an aggregate prison term of 525 months. On appeal, he advances three assignments of error: (1) a challenge to the sufficiency of the evidence of one of the counts of sodomy, (2) a challenge to the admission of evidence of a prior conviction for sexual abuse against a child, and (3) an argument that an aggregate sentence greater than 300 months was constitutionally disproportionate. We affirm.

*Sufficiency of the evidence.* In his first assignment of error, defendant contends that the trial court erred in failing to *sua sponte* grant a motion for a judgment of acquittal on Count 2 of the indictment because the only evidence describing the act was S's testimony that defendant touched her genitals with his hands and then "tried to put his mouth on me." Defendant argues that the testimony does not support an inference that defendant completed the oral-genital contact. Even assuming that defendant is correct about what inferences are permissible on this record, we would not exercise our discretion to correct any error. The prosecutor's subsequent questioning assumed that S was referring to "the same time that you just talked about where he also performed the oral sex on you," and S did not correct that assumption. Had defendant moved for a judgment of acquittal, the state likely would have been able to reopen its case in order for S to clarify what she meant. *See State v. Campbell*, 266 Or App 116, 120, 337 P3d 186 (2014), *rev den*, 356 Or 685 (2015) (declining to exercise discretion to correct plain error for that reason).

*Admission of evidence of previous conviction.* In his second assignment of error, defendant argues that the trial court erred by failing to weigh the risk of unfair prejudice against the probative value of defendant's 1987 conviction before allowing the state to introduce that evidence. The transcript reflects an off-the-record discussion about the evidence, but no mention of OEC 403 or balancing. We agree with the state that defendant's balancing argument is not

preserved and does not provide a basis for reversal as plain error under the circumstances. *Accord State v. Cook*, 267 Or App 776, 780, 341 P3d 848 (2014) ("The transcript does not conclusively establish what transpired during those unrecorded discussions, and we cannot entertain a claim of plain error that requires us to speculate about what the parties might have accomplished while off the record.").

*Disproportionate sentence.* In his third assignment, defendant argues that the court's aggregate sentence of 525 months amounts to a *de facto* life sentence in light of his age. In defendant's view, that aggregate sentence would shock the moral sense of reasonable people and violates Article I, section 16, of the Oregon Constitution. Our case law forecloses that argument. *See State v. Horner*, 306 Or App 402, 403-04, 474 P3d 394 (2020), *vac'd on other grounds on recons*, 309 Or App 136, 481 P3d 442 (2021) (recognizing our decisions holding that "disproportionality challenges with respect to aggregate sentences imposed on convictions for multiple counts are not cognizable under Article I, section 16," but that the question remains an open one in the Supreme Court).

Affirmed.