162 July 31, 2024 No. 533

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN LAMAR ROBERTS,
aka Stephen Lamar Roberts, aka Steven Roberts, aka
Stevie Roberts, aka Stevie Lamar Roberts,
*Defendant-Appellant.*

Multnomah County Circuit Court
130733183; A177247

Thomas M. Ryan, Judge.

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant. Steven L. Roberts filed the supplemental brief *pro se*. Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the supplemental brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

In this criminal case, before us for the third time, defendant appeals from a judgment of conviction for first-degree rape and first-degree sodomy. In his first assignment of error, defendant argues that the prosecutor's reference to "grooming" during rebuttal closing argument denied him a fair trial. In his second assignment of error, defendant argues that the trial court lacked authority to impose a consecutive sentence on the sodomy conviction. We conclude that defendant's argument that the prosecutor's reference to "grooming" was impermissible was not preserved and is not plain error. We also conclude that the trial court properly imposed consecutive sentences. In addition, we reject defendant's supplemental *pro se* assignment of error—as not preserved and not reviewable as plain error—without further written discussion. We thus affirm.

The relevant facts on appeal are not in dispute, and we provide only a brief summary. The state charged defendant with five crimes based on a single course of conduct involving his adult daughter with whom he engaged in forcible sexual contact. The victim reported the incident to police. She was taken to the hospital, where she was examined and described what had happened. She reported that, in the course of the sexual assault, defendant had slapped, bitten, and choked her.

At his initial trial, a jury found defendant guilty of first-degree rape, ORS 163.375(1)(a) (Count 1), first-degree sodomy, ORS 163.405(1)(a) (Count 2), and incest, ORS 163.525 (Count 5).[1]

Defendant has appealed those convictions twice before. In his first appeal, *State v. Roberts*, 288 Or App 145, 406 P3d 117 (2017), we vacated and remanded on an evidentiary issue. After conducting a new evidentiary analysis, the trial court re-entered the same judgment, and defendant again appealed. On reconsideration of our initial judgment affirming without opinion, we reversed and remanded the first-degree rape conviction due to a nonunanimous verdict

---

[1] The applicable versions of the listed statutes are the ones that were in effect in 2012. All three statutes have since been amended, but because the amendments do not affect our analysis, all references are to the current versions.

on that count, and we remanded the entire case for resentencing. *State v. Roberts*, 304 Or App 845, 846, 468 P3d 1039 (2020).

On retrial of the first-degree rape charge, the jury found defendant guilty. On that count, the court sentenced defendant to 100 months' imprisonment and 240 months' post-prison supervision, minus time actually served. On the first-degree sodomy conviction, the court imposed the same sentence as the first-degree rape conviction and ordered that sentence to be served consecutively. On the incest conviction, the court imposed a sentence of discharge.

*Prosecutor's reference to "grooming."* In defendant's first assignment of error, he argues that the trial court erred by "permitt[ing] the state to argue during rebuttal closing that defendant groomed the complainant." The state asserts that the claim of error is not preserved and that it does not constitute plain error.

We agree that defendant's claim of error is not preserved. Although defendant objected to "vouching" and "facts not in evidence" earlier in the prosecutor's closing argument (statements that did not refer to grooming), defendant did not object when the prosecutor referred to "grooming," nor did he argue, as he does on appeal, that that reference was scientific evidence for which the state had not laid a foundation.

We further conclude that the prosecutor's "grooming" comment during rebuttal argument is not plain error. *See State v. Durant*, 327 Or App 363, 364-65, 535 P3d 808 (2023) ("[I]n the specific context of a challenge to prosecutorial statements in closing argument to which the defendant did not object[,] * * * appellate review is permitted, and reversal may be warranted if it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial," but "prosecutorial statements that were improper but curable are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." (Internal quotation marks and citations omitted.)). Here, in context, the prosecutor's single use of the word "grooming" did not amount to an impermissible reference to scientific evidence that would

have required the trial court to grant a mistrial. Rather, the prosecutor made that statement during a permissible argument based on evidence in the record that defendant had threatened and abused the victim and had engaged in sexual behavior with her from a young age, which had effectively trained or conditioned her to "not put up a fight" when he engaged in sexual contact with her. That reference to "grooming" was thus not a reference that the jury would have understood to be scientific evidence, and it did not deny defendant a fair trial.

*Consecutive sentences.* In defendant's second assignment of error, he contends that the trial court erred by making his sentence for first-degree sodomy consecutive to the sentence for first-degree rape. The trial court did so after concluding both that defendant's commission of sodomy was not merely incidental to the rape and that it caused the victim a qualitatively different harm. ORS 137.123(5)(a) and (b). The state responds, among other arguments, that ORS 137.123(5) authorized the sentence. We review the trial court's predicate factual findings for imposing a consecutive sentence for any supporting evidence, *State v. Provancha*, 293 Or App 169, 173, 428 P3d 916 (2018), *rev den*, 364 Or 407 (2019), and affirm.

ORS 137.123(5) allows a court to impose consecutive sentences if the court finds:

"(a)   That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b)   The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

Although defendant contends that the record is insufficient to support the trial court's determination that

the first-degree sodomy was not merely committed incidentally in the course of committing first-degree rape but rather reflected defendant's willingness to commit more than one crime, we disagree.[2]

As the court observed, both first-degree rape and first-degree sodomy are equally serious crimes and thus the sodomy was not merely an incidental violation committed in the course of the commission of a more serious crime. And, as the court also explained, "the rape and the sodomy are each very indicative of defendant's willingness to commit more than one crime. Each could be committed without committing the other. They are separate acts." The evidence in the record supports those conclusions. Among other evidence, the victim testified at trial that defendant's penis went inside her anus. Although the victim testified that she believed that defendant did so by accident, the trial court noted that that testimony was not "determinative or controlling" in light of the other evidence that supported consecutive sentences.[3]

Affirmed.

---

[2] As charged here, first-degree sodomy by forcible compulsion requires proof that defendant unlawfully and knowingly, by forcible compulsion, engaged in anal sexual intercourse with the victim by causing his sex organs to come into contact with the anus of the victim. Penetration is not an element of the offense. *State v. Luttrell*, 93 Or App 772, 774, 764 P2d 554 (1988), *rev den*, 308 Or 79 (1989).

[3] We understand defendant's argument to construe the victim's testimony in a particular way, but we disagree that, under our standard of review, we have to view the record as defendant characterizes it. With the victim as a relatively uncooperative witness, the prosecutor asked the victim, who had testified that she engaged in consensual sex with defendant, "What happened when you were having sexual intercourse with him?" After she sought clarification, the prosecutor asked about each of the charged acts, including, "At any point, did his penis go inside of your anus?" The victim replied, "Yes[.]" We understand defendant to be construing the questions and testimony to mean that each of the specific charged acts took place "when [the victim was] having sexual intercourse with" defendant. We conclude, however, that a factfinder could understand the reference to "when you were having sexual intercourse with him" to mean, on that occasion, or around that time, and not that all of the acts occurred simultaneously with the vaginal rape.