No. 719 October 9, 2024 425

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHASE GASPERETTI,
*Defendant-Appellant.*

Marion County Circuit Court
21CR52526; A180626

Courtland Geyer, Judge.

Submitted August 28, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals a judgment convicting him of three counts of first-degree rape, ORS 163.375, one count of first-degree sodomy, ORS 163.405, and one count of first-degree sexual abuse, ORS 163.427. The convictions were for conduct that defendant engaged in over the course of one night with one victim. Defendant waived jury trial and the matter was tried to the court. Defendant raises three assignments of error, each of which we reject for the reasons that follow. We affirm.

Neither the bench, the bar, nor the public would benefit from a complete recitation of the facts. Suffice it to say that the victim, the victim's husband, and defendant had known each other for years. All three had been drinking at a bar on the night in question, reaching varying degrees of intoxication. After leaving the bar, all three ended up at the victim and her husband's home. After the victim's husband went to bed, defendant raped and sodomized the victim in the living room, where a surveillance camera recorded those acts. A number of hours later, after the victim was in the bedroom she shared with her husband, they had sexual contact. The victim has no memory of leaving the bar, the sexual contact with defendant, or the sexual contact with her husband.

Defendant first contends that the trial court erred in denying his motion to dismiss, because the state violated his rights under Article I, section 20, of the Oregon Constitution, by charging him, but not the victim's husband, with sexual assault. In defendant's view, the victim was mentally incapacitated during both encounters, and, therefore, he and her husband were similarly situated when they had sexual contact with her. Defendant argues that the prosecuting attorney's decision to charge him and not the victim's husband amounted to the state treating similarly situated individuals differently in violation of his constitutional right to equal treatment under the law.

We review a trial court's legal conclusions under Article I, section 20, for errors of law. *State v. Davis*, 237 Or App 351, 353, 239 P3d 1002 (2010), *aff'd by an equally*

*divided court*, 353 Or 166, 295 P3d 617 (2013); *see generally State v. Savastano*, 354 Or 64, 309 P3d 1083 (2013) (applying that standard). Article I, section 20, requires the "government to treat similarly situated people the same." *Savastano*, 354 Or at 96. "[T]hat provision applies to government actions generally, including prosecutors making charging decisions." *Id.* Where a prosecuting attorney charges similarly situated people differently, he or she remains in compliance with Article I, section 20, "as long as there is a rational explanation for the differential treatment that is reasonably related" to the prosecutor's "official task" or to the "individual situation" of the person being charged. *Id.* That is to say, a prosecuting attorney must, in such situations, have "a defensible explanation in the individual case." *Id.* (internal quotation marks omitted).

The state contends that defendant and the victim's husband were not similarly situated and that there is a rational explanation for the prosecutor's decision to charge defendant with sexual assault and not the victim's husband. It charged defendant with rape and sodomy under mental incapacitation and physical helplessness theories because those theories were supported by the events involving defendant and the victim that were captured on video by the surveillance camera.

As to her husband, there was evidence that the victim was conscious and responsive, and therefore not physically helpless, when her husband had sexual contact with her, notwithstanding her lack of memory about that encounter. And, importantly, the only evidence that the victim and her husband had sexual contact that day was the husband's own testimony. Given all that, it would be reasonable to conclude that the state would be unable to meet its burden of proof in a case against the victim's husband. The trial court did not commit legal error in denying defendant's motion to dismiss on this record.

Next, defendant contends that the trial court applied an incorrect legal standard in denying his motion for judgment of acquittal, arguing that the state was required to prove that he knew that the victim was physically helpless or mentally incapacitated. We rejected that argument

in *State v. Phelps*, 141 Or App 555, 558-59, 920 P2d 1098, *rev den*, 324 Or 306 (1996), and we adhered to *Phelps* in *State v. Woods*, 317 Or App 506, 519, 505 P3d 432, *rev den*, 370 Or 198 (2022). Defendant's second assignment of error is, thus, foreclosed.

Finally, defendant challenges his 240-month aggregate sentence as unconstitutionally disproportionate under both Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. We rejected a similar challenge to an aggregate sentence in *State v. Horner*, 306 Or App 402, 403-04, 474 P3d 394 (2020), *vac'd on other grounds on recons*, 309 Or App 136, 481 P3d 442 (2021), and we likewise reject it here.

Affirmed.