No. 948          December 26, 2024          147

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTONIO ROJAS-SANCHEZ,
aka Antonio Rojas Sanchez,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR71366; A180504

Kelly Skye, Judge.

Submitted November 19, 2024.

Raymond Tindell filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals multiple convictions for sexual abuse in the first-degree based on the repeated sexual abuse of his stepdaughters S and A. He assigns two errors. For the reasons discussed below, we affirm.

Defendant first assigns error to the denial of his motion for judgment of acquittal (MJOA). "In reviewing the trial court's denial of an MJOA, we view the facts in the light most favorable to the state, drawing all reasonable inferences in the state's favor." *State v. Leake*, 325 Or App 1, 3, 527 P3d 1054, *rev den*, 371 Or 476 (2023). As to his first assignment of error, defendant advances four arguments.[1] First, as we understand it, defendant contends that because no skin-to-skin contact occurred between defendant and victims, the contact was not "sexual." Second, defendant argues that the state did not produce evidence that the victims touched defendant's penis with their hands. Those arguments are unavailing.

Touching need not be skin-to-skin contact to qualify as sexual contact nor does touching require the use of the victims' hands. *See State v. Rodriguez/Buck*, 347 Or 46, 70, 217 P3d 659 (2009) (explaining that the defendant "causing the back of the [child's] head to be in contact with her clothed breasts for about a minute" and another defendant "letting the back of his hand remain when the [child] leaned her clothed buttocks against his hand several times and later wiping dirt off the back of her shorts with two swipes of his hand" constituted first-degree sexual abuse).

In his third argument, defendant contends that any touching was incidental and not for sexual gratification. However, S testified that defendant, on multiple occasions, would make her sit on his lap. During those incidents, defendant would make a "humping motion," "moving his penis up and down," and would moan when finished. She also testified that defendant touched her breast while on a hike. As for victim A, she testified that defendant asked her to "sit on top of him" while they were both in the living room. And

---

[1] The state contends that portions of defendant's argument are unpreserved. For purposes of this appeal, we assume without deciding that defendant's arguments are preserved.

similar to his conduct with S, defendant moved his hips up and down, and A could feel defendant's penis on her bottom. A also testified that while she was lying on the floor, defendant "spooned" against her and "started doing the motions again." That conduct was sufficient to allow a factfinder to conclude that defendant touched S and A for sexual gratification.

In his fourth argument, defendant contends that the trial court should have granted his MJOA on count 5, which concerned the sexual abuse on a hike. He argues that, because S testified inconsistently as to where that hike took place—she described it as occurring at both Mount Tabor and Multnomah Falls—he was entitled to acquittal on that charge. However, any inconsistency in S's testimony weighs on her credibility, which is the sole province of the trier of fact, and does not necessitate an acquittal. *See State v. Guy*, 229 Or App 611, 616, 212 P3d 1265, *rev den*, 347 Or 259 (2009) (explaining that although the victim testified inconsistently, it was up to "the trier of fact [to] chose to accept those explanations and to believe that her testimony at trial was truthful" because the victim's testimony established the defendant's touching qualified as sexual contact).

In his second assignment of error, defendant contends that his aggregate 120-month prison sentence violates Article I, section 16, of the Oregon Constitution, which provides that "all penalties should be proportioned to the offense." However, that argument is foreclosed by settled case law: "disproportionality challenges with respect to aggregate sentences imposed on convictions for multiple counts are not cognizable under Article 1, section 16."[2] *State v. Horner*, 306 Or App 402, 404, 474 P3d 394 (2020), *modified on recons on other grounds*, 309 Or App 136, 481 P3d 442 (2021).

Affirmed.

---

[2] Defendant also asserts that his sentence violates the Eighth Amendment to the federal constitution; however, because defendant did "not develop any argument that the sentence could violate the Eighth Amendment," we do not address it. *State v. Horseman*, 294 Or App 398, 407 n 6, 432 P3d 258 (2018), *rev den*, 364 Or 723 (2019).