746 November 13, 2025 No. 971

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL JAMES TURNER,
aka Michael John Turner,
*Defendant-Appellant.*

Curry County Circuit Court
22CR59741, 22CR48229;
A180796 (Control), A180795, A180378

Jesse C. Margolis, Judge. (Judgment dated February 2, 2023)

Cynthia Lynnae Beaman, Judge. (Judgment dated December 6, 2022)

Argued and submitted January 21, 2025.

Francis C. Gieringer, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Stacy M. Chaffin, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Affirmed.

_____
[*] Lagesen, Chief Judge *vice* Mooney, Senior Judge.

**LAGESEN, C. J.**

This is a consolidated appeal of two judgments of conviction and a probation-revocation judgment. In Case No. 22CR48229 (Case No. A180378), defendant was convicted in a bench trial of two counts of misdemeanor stalking. ORS 163.732(2)(a). Defendant was acquitted of two counts of disorderly conduct. ORS 166.025. Defendant was sentenced to 48 months' probation and ordered to pay $600. In Case No. 22CR59741 (Case Nos. A180795 and A180796),[1] defendant was convicted by a jury of one count of felony stalking, ORS 163.732(2)(b), one count of menacing, ORS 163.190, one count of recklessly endangering another person, ORS 163.195, one count of reckless driving, ORS 811.140, and one count of criminal mischief in the second degree, ORS 164.354. Defendant was sentenced to 28 months in prison, and the probation imposed in Case No. 22CR48229 was revoked.

Defendant's first and second assignments of error are that the trial court erred in denying an ostensible motion for judgment of acquittal on counts 1 and 2 of stalking in Case No. 22CR48229. His third assignment of error is that the trial court erred in denying a motion for judgment of acquittal on the stalking count in Case No. 22CR59741. Defendant's fourth assignment of error is that the trial court erred when it entered a conviction for felony stalking in Case No. 22CR59741 based on the previous convictions in Case No. 22CR48229. Defendant's fifth and sixth assignments of error are that the trial court convicted defendant of stalking based on the incorrect mental state in Case No. 22CR48229. For the reasons that follow, we affirm.

*First and Second Assignments of Error.* In his first and second assignments of error, defendant assigns as error the trial court's denial of an ostensible motion for judgment of acquittal on the two stalking counts in Case No. 22CR48229. Defendant contends that (a) the heightened standard applicable to expressive contacts adopted in *State v. Rangel*, 328 Or 294, 977 P2d 379 (1999), applied to the contacts underlying his conviction and that the evidence is insufficient to support

---

[1] Defendant does not assign error to the revocation of his probation but requests that if we reverse either Case Nos. 22CR48229 or 22CR59741 that we also reverse the revocation of probation in Case No. A180795.

a finding that the contacts at issue satisfy that standard; and (b) that the evidence is insufficient to permit a finding that, with respect to the contacts underlying his conviction, the victim was subjectively alarmed or that any subjective alarm was objectively reasonable. Those contentions are not preserved. Defendant did not make a formal motion for judgment of acquittal raising those contentions. Although we have recognized that closing argument in a bench trial can operate as a motion for judgment of acquittal, to do so it must alert the trial court of the element or elements on which the defendant contends that the evidence is legally insufficient. *See State v. Campbell*, 266 Or App 116, 119, 337 P3d 186 (2014) (holding that a general motion for judgment of acquittal without specifying any theory is insufficient to preserve defendant's arguments). In this instance, defendant's closing argument did not mention *Rangel*, did not argue that the contacts at issue were expressive, and did not contest that the evidence showed that the victim was subjectively alarmed in an objectively reasonable way. Instead, defendant's arguments focused on the culpable mental state element of the offense, contending that the evidence would not allow for a finding that defendant knew that his contacts were unwanted, or that they were causing the victim alarm, arguments that defendant has not pursued on appeal. For that reason, defendant's contentions in the first two assignments of error are not preserved and we reject them for that reason.[2]

*Third Assignment of Error.* In his third assignment of error, defendant asserts the trial court erred when it denied defendant's motion for judgment of acquittal on the stalking count in Case No. 22CR59741. Although the state argues otherwise, we agree with defendant that this assignment of error is preserved. Our review is "to determine whether, after viewing the facts and all reasonable inferences in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Murphy*, 306 Or App 535, 536 (2020) (citation omitted). Reviewing under that standard, the evidence is sufficient to support the jury's finding of guilt.

"(1)    A person commits the crime of stalking if:

---

[2] Defendant has not requested plain error review.

"(a)  The person knowingly alarms or coerces another person or a member of that person's immediate family or household by engaging in repeated and unwanted contact with the other person;

"(b)  It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c)  The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

ORS 163.732. "[T]he state must prove that: (1) the victim was in fact alarmed or coerced as a result of the repeated and unwanted contacts and (2) the victim's apprehension about personal safety was objectively reasonable." *State v. Hejazi*, 323 Or App 752, 759, 524 P3d 534 (2023). "A 'contact' can include almost any interaction with the defendant and can be categorized as either nonexpressive (physical or visual) contacts or expressive (spoken or written) contacts." *Id*. "Importantly, a witness is not required to use 'magic words' to convey his subjective fear." *State v. Johnson*, 328 Or App 340, 348, 536 P3d 1029 (2023), *rev den*, 372 Or 588 (2024). "'Alarm' means to cause apprehension or fear resulting from the perception of danger." ORS 163.730(1).

Defendant argues that the state "failed to prove the existence of repeated contact" with L because, in defendant's view, the December 12 contact was not an actionable contact. Defendant contends that a reasonable person in L's circumstances would not believe that defendant's behavior was threatening them with physical violence. As such, defendant argues his conduct was not objectively alarming. Defendant further argues that the state failed to prove that defendant alarmed L because a reasonable person in L's circumstances would not believe that defendant was threatening them with physical injury. Finally, defendant argues that other circumstances about his encounter with L preclude the conclusion that defendant's conduct was objectively alarming.

The state argues that it was not required to prove that defendant's conduct "foreshadowed physical injury." Regardless, according to the state, defendant's conduct

did foreshadow physical injury when he pointed his car
at L which could reasonably be interpreted as defendant's
intention to hit L with his car. The state contends that, not-
withstanding the circumstances identified by defendant
as showing that his conduct was not alarming the totality
of the circumstances shows that L's alarm was objectively
reasonable.

The evidence, considered in the light most favor-
able to the state, shows that L was objectively reasonably
alarmed. When defendant first encountered L while merg-
ing on to the same road, defendant drove "door-to-door"
with L. Defendant then started to merge into the lane L
was driving in, forcing L to slow down to avoid a collision.
Fear of a collision in this circumstance is objectively rea-
sonable. Furthermore, L testified that he did not want to
"get in a fight with a car" when defendant pointed his car at
defendant after they arrived at L's commercial parking lot.
That testimony allows for a reasonable inference that L felt
"apprehension or fear resulting from the perception of dan-
ger." ORS 163.730(1). Given the totality of the interactions on
December 12, it is a reasonable inference that L's subjective
fear was objectively reasonable. Thus, the evidence supports
the finding that defendant's contact with L on December 12
was a qualifying contact, and the trial court did not err in
denying defendant's motion for judgment of acquittal.

*Fourth assignment of error.* In his fourth assignment
of error, defendant asserts that the trial court erred when
it convicted him of felony stalking in Case No. 22CR59741.
Defendant argues that if we agree that one or both of his con-
victions in Case No. 22CR48229 must be reversed, there is
no predicate conviction that permits the stalking conviction
in Case No. 22CR59741 to be treated as a felony. Because we
affirm the convictions in A180379, this contention does not
provide a basis for reversal.[3]

*Fifth and sixth assignments of error.* In his fifth and
sixth assignment of error, defendant argues that the trial

---

[3] Even though defendant did not assign error to the revocation of his proba-
tion, he still requests that revocation of his probation be reversed if we reverse
Case Nos. 22CR48229 or 22CR59741. Because we affirm the trial court's decision
in both cases, we do not reverse the revocation of defendant's probation.

court erroneously convicted him on the two stalking counts in Case No. 22CR48229 based on a finding that defendant acted negligently, rather than knowingly. In particular, defendant contends that the trial court's comments that defendant "knew that—or should have known if he didn't" that he was not allowed at S's property shows that the trial court convicted defendant based on a negligent mental state rather than a knowing mental state. Defendant requests plain error review, acknowledging that the assigned errors are not preserved.

A plain error must be an error of law; obvious, and not reasonably in dispute; and it must appear on the face of the record. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Here, the alleged error is not plain. Defendant's argument rests on the following statement by the trial court during its speaking verdict:

> "[Sergeant] warned [defendant] on the 26th not to have contact with the firemen or Jot's Resort, and [defendant] clearly knew that—or should have known, if he didn't, I didn't have any testimony from him, but I believe that he knew or should have known that [S] was included in that, being the resident of Jot's Resort and having had contact with him at Jot's Resort. * * *
>
> "He clearly knew he wasn't to go there, and he—he did."

That statement does not plainly demonstrate that the trial court applied the mental state of negligence in finding defendant guilty. Although the court initially referred to "knew or should have known," it ultimately found that defendant "clearly knew he wasn't to go there[.]" Beyond that, the parties' arguments focused substantially on the issue of defendant's mental state, correctly identifying it as "knowingly." Under the circumstances, it is far from plain that the trial court applied an incorrect mental state in convicting defendant.

Affirmed.